The Chief Justice
in delivering his opinion, observed, that a new trial ought to be granted upon the ground, that the evidence as to special damage was improperly admitted: that the averments in the declaration were not sufficiently definite to allow such evidence to be given on the part of the plaintiff. The first count alleges, that the defendant with the intent to cause it to be believed, that the plaintiff was dishonest and unworthy to be entrusted with the command of any vessel, “ and to prevent certain Insurance Companies in the city of New-York from under-. *412 “ writing goods,” &c., uttered the words complained of. The fourth count sets forth, that the defamatory words were uttered anc) published in .the presence and hearing of the President, Secretary and Directors of divers Marine Insurance Companies in the cjty. 0f New-York, by means whereof the said Marine Insurance Companies refused and declined to insure a certain vessel called the Bunker-Hill,' &c.
Now these general allegations, it is obvious, would give the plaintiff at the trial the range of all the Insurance Companies in the city of New-York, as to his proof of special damage. But the' defendant would be wholly unapprised of the particular company, which the plaintiff intended to prove to have refused to make the insurance, and of course would have no opportunity to prepare himself to rebut or explain the evidence, which might be offered against him.
The rule is well settled, that no evidence can be given in an action of slander, of any special damage sustained by the plaintiff) unless it be particularly set forth ' in the declaration. The object of the rule is to prevent the defendant from being taken by surprise. In the present case, the plaintiff was permitted under this declaration, (which refers in general terms to certain Insurance Companies,) to prove that the New-York Insurance Company, refused to insure the plaintiff in consequence of information communicated by the defendant to their president. The defendant being unapprized of the particular company referred to by the plaintiff in his declaration, had no opportunity of showing the circumstances under which his information was communicated, and of course, may have been taken by surprise. The averment of the special damage was altogether too loose, and general to admit the proof, and for this reason there should be a new trial.
The Chief Justice further remarked, that he should give no opinion upon the other point, as to whether the evidence of the plaintiff’s general good character was admissible under the circumstances or not. But that the evidence admitted by the Judge of special damage, being improperly received, he was of opinion that there must be a new trial, the costs to abide the event of ' the suit.
*413 Hoffman, J.
This was an action of slander, tried before me at the last December Term of this Court. The defendant moves in arrest of judgment and also for a new trial, on the ground that improper testimony was admitted. I do not consider it necessary to determine the first question, as, after much reflection, and an examination of the authorities cited oh both sides, I have arrived at the conclusion, that a new trial ought to be granted.’ The declaration sets forth the situation of the plaintiff as a ship-master", the uttering of the slanderous words by the defendant, and that by reason of the same, “ certain Insurance Companies in the “city of New York, refused to insure any vessel commanded by ’“ the said plaintiflj as such ship-master, or any goods laden on “ board any vessel by him commanded.” The plaintiff produced as a witness to support his right of action Alexander Thompson, who testified, that the words charged in the declaration were spoken by the defendant in the office of the New York Insurance Company, of which office he is the Inspector ; and that the said company refused .to insure the plaintiff, in consequence of the information given by the defendant, until the plaintiff should clear up his character ; and that the vessel so refused to be insured was the Bunker Hill, &c. To this testimony the counsel for the defendant objected.
It appears to be a well settled rule of law, “That no evidence “shall be received of any loss or injury which the plaintiff has “ sustained by the speaking of the words, unless it be specially “ stated in the declaration [1 Saunders, 243, note 5.] Nor is it material whether the words be actionable per se, or not. Formerly less particularity was required, when the words were actionable per se, than when they were not; but Williams, in his .notes to Saunders, to which I have referred, observes, “that “ modern practice does not warrant the distinction, and that it “ is now fully established, that the special damage in each case “ must be alike particularly specified in the declaration.” ' This rule has been sanctioned by all the decisions in the English courts, and by the decisions in our own, as far as I have examined them. In confirmation of the principle, I refer to the cases cited by Williams, in his notes to the case of Craft v. Boite, to *414 I. Chitty on Pleading, 385, 386, and to the case of Herrick v. Lapham, 10th John. 281. If this rule be correct, (and that it is I have no doubt,) let us apply it to the particular ,case before us. Under the general allegation, that certain Insurance Companies refused to insure, the plaintiff was admitted to prove that a. particular Insurance Co., to wit, the New York Insurance Co., refused, &c. The reason of this rule is an obvious one. The particular persons by whom the plaintiff was injured, in consequence of the defamatory words, must be within his own knowledge, and they must be so particularized in the declaration, as that the defendant may have notice of the cause of complaint, and be enabled to meet it, if the charge be false, &c. [I Chitty, 857.] If the New-York Company had refused to insure, the plaintiff must have known the fact, and he had no right to conceal that knowledge, and throw the burthen upon the defendant of preparing his defence, by making inquiries of every Insurance Company in .the city of New-York, under the' uncertainty to which particular company the plaintiff might direct his proof.
The counsel for the plaintiff, however, contends, that as the words were actionable per se, this particular testimony became unimportant. This undoubtedly would be a good objection to a demurrer to the declaration, upon the generality of the averment of the special damage; but the objection here, is not to the pleadings, but to the proof, which was admitted under the pleadings. And I have already shown, that the rule is as inflexible, when the words are actionable, as when they are not. A further answer is offered by the counsel for the plaintiff, that the refusal to insure, as proved by captain Thompson, did. not amount to any proof of special damage, ás they did not follow it up by showing, that in consequence of such refusal the plaintiff lost any freights or other advantages. The question, however, still recurs, why' or for what purpose did they offer it 1 If. it could .amount to nothing, why did they persist in offering it, after the objections of the counsel for the defendant ? ‘ If the testimony was not authorized by the pleadings, and the law by which those pleadings are tobe governed, it ought to have been rejected as irrelevant. But it cannot be denied, that with a jury in a commercial city, and *415 composed in part, at least, of commercial men,that the injury or damage that would result from a refusal to insure by a respectable company, on account of charges made against an individual making the application, is so immediate and apparent, that it must and would have a decided influence upon their minds in the verdict that they would render. It would be considered by them as an injury done to him, and the proof of such injury would be admitted, in violation of the rule, “ That no evidence of any loss “or injury shall be received, unless particularly stated in the declaration.” [1 Saunders, 243. note.]
But even if this answer of the plaintiff’s counsel should be admitted to have force, as respects the testimony of captain Thompson, does it apply to the testimony of Henry and John Austin, who were also produced by the plaintiff, subject to the objection of the defendant’s counsel 1 Henry Austin testified, that the plaintiff commanded the Bunker Hill; that he purchased her, but that the bill of sale was not delivered on account of the difficulty with the defendant, and that the company having refused to insure, the plaintiff could not procure sufficient credit to pay for the vessel, that the witness and dthers who had been concerned in the purchase were injured as well as the plaintiff. John Austin testified that he applied to the New-York Insurance Company for insurance on the freight of the Bunker Hill; that the president refused to insure on account of the statements of the defendant; that the Bunker Hill had been bought by the plaintiff, but the bill of gale had never passed. He could not remember the names of the applicants for freight, nor who had refused to give it, because the office would not insure until the plaintiff’s character should be clea^d up.
This testimony is to be taken in connection with the previous testimony of captain Thompson, who hud proved, that in consequence of the alleged slander of theplaintiK,.the N. Y. Co. had refused to insure. And U. A.ustm testifies, that hr consequence of this refusal, the plaintiff was prevented from consummating a contract which he had entered into for the purchase of thq Bunker Hill, and that no bill of sale was delivered to the plaintiff, because, on account of such refusal by the company, he could, mot procure *416 sufficient credit to pay for the vessel. This testimony appears to me not only to make out an injury sustained by the plaintiff; but amounts to proof of a clear technical special damage sustained. The ordinary cases in which special damage is alleged to support words not in themselves actionable, are those in which, by reason of the words, the plaintiff lost the benefit of some contract which he would otherwise have had. It is so, “ When a communica- “ tion or treaty of marriage is alledged, and the marriage was “ lost by reason, of speaking the words.” [Moody v. Baker, 5 Cowen, 353. Opin. of Woodworth, J.] It is so in the usual cases of slander of title, although in these latter, the plaintiff is prevented from selling, on account of the slander: and the general rule undoubtedly is, “ that when the plaintiff is prevented from “ succeeding to any preferment, benefit, or advantage whatever, “ by reason of the slanderous words, he may maintain an action “for the special damages.” [Starkie on Slander, 160.]
The law would therefore presume that this contract for the purchase of the Bunker Hill wouldhave been a gainful contract to him, and even if it did not, H. Austin’s testimony removes all doubt, by clearly proving that the plaintiff, as well as the witness and others who were concerned in the said purchase, were expressly injured by the purchase not being consummated. Had the plaintiff consummated the purchase, as he might have done, had it not been for the slander, he would have been entitled to the freight of the Bunker Hill; and J. Austin proves that applicants for freight refused to give it, 'because.“ the offices would not insure.” By what averment in the declaration was this testimony covered l So far from being particularized, there is hardly a general averment that would embrace it; and if the rale he as I have stated it, the particular persons with whom the contract was made for the purchase of the vessel, ought to hare been named ; and unless so named, the testimony ought n»i to have been received. If not admitted to prove special damage, it was not admissible to aggravate the ■damages by pawing a particular damage or injury in addition to the general one that the law infers. I am therefore of opinion, that I erred upon the trial in admitting the testimony I have referred to. J may be permitted to sav, that the testimony was ad *417 mitted by me with strong doubts, which I expressed upon the trial at the time, and in the absence of all authorities. Subsequent examination, and the arguments of counsel, have satisfied me that I was wrong, and I am free to retract the error.
The second point on which the defendant relies is, that the plaintiff was allowed to prove his general character, without any impeachment of it by the defendant, except so far as the particular facts proved in justification, imputed dishonest conduct to him. The plaintiff insists that he had that right, as the justification of the defendant, and the evidence offered under it, directly charged the plaintiff with dishonest conduct, and that the plaintiff might therefore show his general character for honesty and integrity, to rebut the specific facts proved by the defendant, or the inference to be drawn from them. To sustain this position, the plaintiff relies upon the practice in criminal proceedings, where the person indicted is allowed to meet the specific proof of the charge laid in the indictment by evidence of his general character. This, however, is an exception to the general rule, and is recognized as such exception in all the books. The case of The Attorney General v. Bowman, cited in the note to 2 Bos. and Pul. 532, is in point. That was an information, proceeding against the defendant on a charge of corrupting officers and keeping false weights. The very essence of the proceeding was founded upon proof of corruption on the part of the defendant; but the prosecution" was for the penally, and not for the crime. To meet this proof, testimony was offered of the general character of the defendant, to show that he was incapable of committing such a crime. But the testimony was overruled. Eyre Ch. B. says, I cannot admit it in a civil suit: in a direct prosecution for a crime, such evidence is admissible. If such evidence is admissible in this case, it would be necessary to try character in every charge of fraud. The rule that prevails in criminal cases, does not therefore apply: and to the decisions in civil cases in similar and analagous ones must we refer for the true rule to govern us in this particular cause.
The circumstance of a justification being pleaded, can be, Í should apprehend, of no farther Importance, than as it affects the *418 right to introduce tlxe testimony on the part of the defendant, tending to prove the charges against the plaintiff: for if by the rules of pleading, he had been allowed to do it under the general issue, the principle would still be the same; and that principle, if it be correct, must be, that when the defendant is allowed, under the pleadings, whatever they may be, to prove substantive facts of fraud, on the part of the plaintiff, that the plaintiff may meet those facts by proof of general character. I do not find that this principle has ever been sanctioned, except in the case cited from 5th Esp. p. 13. (King v. Waring and wife,) which is a solitary case—a nisiprius decision—and is contrary to the general spirit of all the cases governing similar circumstances.
A contrary principle is recognized by Lord Ellenborough in Bamfield v. Massey. [1 Camp. 460.] by our Supreme Court in Fowler v. Ætna Ins. Co. [6 Cowen, 673.] In this last case, the defendant, offered evidence of fraud on the part of the plaintiff, and the plaintiff met this charge by proof of his good character for integrity. Chief Justice Savage says the testimony was improperly admitted, and observes that every man must be answerable for every improper act, and the character of every transaction must be ascertained by its own circumstances, and not by the character of the parties. This principle I conceive must be equally applicable to a case of slander, except that in such action the defendant is allowed to impeach the general character of the plaintiff, (a question thatis now settled, although upon it formerly the court were divided; and when that is done upon his part, the plaintiff is allowed to meet such general impeachment by proof of general good character on his part.
But a case very similar to this, has been expressly decided by the Supreme Court of Errors of the state of Connecticut. [Converse v. Stow, 3 Conn. 325.] That was a case of libel, charging the plaintiff with dishonest practices. The defendant justified, and in answer to his proof, the plaintiff offered his general good character in evidence. The court decided that the testimony was inadmissible, and the opinion is not only entitled to weight as the decision of a court of a sister state, but also from the general *419 reasoning and able opinion of Chief Justice Hosmer in support of it.
I have gone more at length into the examination of these questions, than I should otherwise have done, from the circumstance, that the cause was tried before me, and that it was through my ruling that the testimony was admitted. I think the defendant is entitled to a new trial.
[After delivering this opinion, Judge IIoffman remarked, that the case of Harding v. Brooks, [5 Pickering's Rep. 244.] had just been put into his hands by the counsel for the plaintiff. That he had examined the case with care, and found some principles laid down in it, which apparently conflicted with the opinion he had formed, and the cases he had cited. That, although he entertained the highest respect for the decisions which emanated from that tribunal, yet he could not subscribe to their correctness in the case referred to, where they differed from the opinions of this court upon the same subject, especially as no authority was cited by the learned Judge in Massachusetts in support of his posy tiene.]
Oakley, J.
This was an action of slander, in which the plaintiff obtained a verdict. The defendant now moves for a new trial on two grounds: 1st. That evidence of special damage was admitted, and 2ndly, that the plaintiff was suffered to give evidence of his general good character, when it was not impeached by the defendant.
It appears to be the established rule, that no evidence can be given of any loss or injury sustained by the plaintiff, unless it be specially stated in the declaration, and this, whether the special damage be the gist of the action, or whether the words be actionable in themselves, [1 Saun. 243. b. (n. 5.) 2 Phil. Ev. 108.] In the present case, proof was given that one of the Insurance Companies in New-York had refused, ih consequence of the words spoken by the defendant, to insure a vessel belonging to the plaintiff; and that he thereby sustained a special injury. This proof was not admissible under the pleadings, the averment of *420 special damage, being altogether insufficient. It is impossible to say what influence this evidence may have had upon the verdict of the jury.
The plaintiff was also allowed to give evidence of his general good character after the defendant had gone through with his defence, without impeaching it. This also strikes me as inadmissible. The general rule, as laid down in elementary writers, [2 Phil. Ev. 107.] is, that the plaintiff cannot give evidence of the fairness of his character until it is attacked. It is presumed to be good, until the attack is made, and the plaintiff must rely on this general presumption, until he is assailed. Such has always been the practice at nisiprius, as far as my observation has extended. The defendant may, under the plea of not guilty, assail the general character of the plaintiff, and the latter is bound to be always prepared to repel the assault. But, if the defendant relies on a justification of the charge, by proving the plaintiff’s guilt by direct evidence, it would operate as a surprise on him, to permit the plaintiff to repel that evidence by proof of general character.
In the case of Harding v. Brooks, [5 Pick. 244.] the Supreme Court of Massachusetts have held, that the plaintiff may give evidence of general good character, to repel the proof offered by the defendant under the plea of justification. This case is opposed directly to the conclusion which I have adopted; but I cannot consider it as a controlling authority. The uniform practice in this state, has been otherwise, and I think it the safe and correct rule.
JVeto trial granted.
[H. M. Western, Att'y for the plff. D. Graham, Jr. Att’y for the deft.]