Dewitt *v.* Buchanan.

---

---

54b  31
22ap243

54b  31
53ad125

## DEWITT *vs.* BUCHANAN.

*Actions for injuries to the person are transitory, and follow the person;* and therefore, so far as the nature of the action is concerned, one foreigner may sue another foreigner, in our courts, for a tort committed in another country, the same as on a contract made in another country.

It is now settled that the courts of this State have, and will entertain, jurisdiction of actions for personal injuries committed abroad, when both or either of the parties are citizens of the United States.

As a question of law, the Supreme Court has jurisdiction of torts committed in a foreign country, between non-resident foreigners; but, as a matter of policy, will only exercise it in its discretion, in exceptional cases.

But where the question arises upon demurrer to a pleading, no papers except the pleadings are properly before the court, and if any special reasons exist for retaining jurisdiction, they would not, and could not, properly appear. The court has power to determine the sufficiency of the pleading only.

Upon a motion to dismiss the complaint, however, the special reasons, if any, for retaining jurisdiction, can be set forth in the opposing affidavits, and the court has a discretion to adjudge whether it will retain jurisdiction of the action or not.

THIS is a demurrer to an answer. The action was for assault and battery, and the answer averred that at the time of committing the tort alleged in the complaint, the plaintiff and defendant were, and still are, subjects of Great Britain, and citizens and residents of Canada, and that the assault and battery complained of was committed in said province. The plaintiff demurred on the ground that the answer did not state facts constituting a defense.

*G. W. Lewis*, for the plaintiff.

*Cantwell & Beaman*, for the defendant.

JAMES, J. Actions for injuries to the person are transitory, and follow the person; and therefore, so far as the nature of the action is concerned, one foreigner may sue another foreigner in our courts for a tort committed in another country, the same as on a contract made in another country.

It is now settled that the courts of this state have, and will entertain, jurisdiction of actions for personal injuries committed abroad, when both, or either of the parties, are citizens of the United States. (*Glen* v. *Hodges*, 9 *John.* 67. *Smith* v. *Bull*, 17 *Wend.* 323. *Lister* v. *Wright*, 2 *Hill*, 320. *Johnson* v. *Dalton*, 1 *Cowen*, 548.) I am aware that the New York Common Pleas, in *Molony* v. *Dows*, (8 *Abb.* 316,) held otherwise; but that case is not regarded as authority in this court. That decision was probably affected by the necessities of the case, overlooking the second section of the fourth article of the constitution of the United States.

The case of *Fabrigas* v. *Mostyn* (2 *Black.* 929) is always referred to on this question. In that case Lord Mansfield put, by way of illustration, the case of two Frenchmen fighting in France, and expressed a doubt of the jurisdiction of the courts in England in such case. But the reason given why the court would not have jurisdiction in such case has been held, in this state, not sufficient. (*See McIvor* v. *McCabe*, 26 *How. Pr.* 261, *and Gardner* v. *Thomas*, 14 *John.* 134.) In the latter case the action was for a tort committed on the high seas, on board a British vessel, both parties being British subjects; it originated in a justice's court, where the plaintiff had judgment. "The court held that although it might take cognizance of torts committed on the high seas, on board foreign vessels, when both parties were foreigners, yet on princi-

Dewitt *v.* Buchanan.

ples of policy it would often rest in the sound discretion of the court to afford jurisdiction, or not, according to the circumstances of each case." On this ground the judgment of the justice was reversed.

I have been unable to discover any *principle* on which the jurisdiction of the court in such a case as this can be denied; but as a question of policy, there are many reasons why jurisdiction should not be entertained. Unless for special reasons, non-resident foreigners should not be permitted the use of our courts to redress wrongs or enforce contracts, committed or made within their own territory. Our courts are organized and maintained at our own expense, for the use, benefit and protection of our citizens. Foreigners should not be invited to bring their matters here for litigation. But if a foreigner flee to this country, he may be pursued and prosecuted here.

Nothing appears in this case showing why jurisdiction should be entertained. It seems an ordinary case of assault and battery, committed in Canada, both parties still residing there, the defendant being casually here when arrested. It is most clearly against the interests of those living on the border for our courts to encourage or entertain jurisdiction of such actions. To do so would establish a practice which might often be attended with serious disadvantage to persons crossing the border. The true policy is to refuse jurisdiction in all such cases, unless for special reasons shown.

But the case is now before us upon demurrer to the sufficiency of a pleading, not on a motion to dismiss. In the former case the court has power to determine the sufficiency of the pleading only; in the latter case it has a discretion to adjudge whether it will continue jurisdiction of the action or not. In the former, no papers except the pleadings are properly before the court, and if any special reasons exist for retaining jurisdiction, they would not, and could not, properly appear; while in the latter

case the special reasons, if any, could be set forth in the opposing affidavits.

From the foregoing it will be seen that the demurrer is well taken; that the answer does not set forth facts constituting a defense; that as a question of law this court has jurisdiction of torts committed in a foreign country, between non-resident foreigners; but as a matter of policy will only exercise it in its discretion, in exceptional cases.

There must be judgment for the plaintiff on the demurrer, with costs, with leave to the defendant to amend, or to move to dismiss the complaint on the grounds set forth in the answer.

[FRANKLIN SPECIAL TERM, February 25, 1868. *James*, Justice.]