# N. Y. SUPERIOR COURT.

## THEODORE A. HAVEMEYER agt. LAWSON N. FULLER.

*Slander — action for — Complaint — insufficiency of.*

Where the complaint was founded upon the alleged false and malicious statement that he, plaintiff, adulterated sugar, that he cheated the government, and that, being guilty of cheating the government, he swore that he did not do so:

*Held,* that these three charges are neither singly nor collectively actionable *per se,* but may become actionable by reason of surrounding circumstances to be pleaded and proved, from which the fair inference can be drawn that the words used were spoken and understood in such a way as to presumptively work an injury.

*Held,* further, that where these surrounding circumstances are not set forth, the meaning of the words cannot be enlarged by pleading an innuendo, for the office of an innuendo is by a reference to a preceding matter, to fix more precisely the meaning.

It may help to explain, but it cannot enlarge the meaning of words, unless it be connected with some matter of fact expressly averred. It cannot be used to establish a new charge, for it is not the nature of an innuendo to beget an action.

As an innuendo cannot perform the office of a colloquium, showing by extrinsic matter that the words charged are actionable cannot be supplied by an innuendo attributing to those words a meaning which renders them actionable.

Where the special damage is the foundation of the cause of action, it is a material allegation and must be fully and accurately stated.

Where, as in this case, the complaint on its face shows that the only manner in which the plaintiff is engaged in business is as a member of a

business firm, the name of the firm not being given nor the interest of the plaintiff. For all that appears, plaintiff's name may not appear in that firm name. It sufficiently appears, however, that the loss complained of is not a loss directly to the plaintiff, but to the firm:

*Held,* that even if it be conceded, as a general proposition, that in case of slander against a member of a partnership individually, he is the proper party plaintiff, even though the firm be also injured by the speaking of the words, it is nevertheless necessary, especially where the words become actionable only by reason of their influence in plaintiff's calling, that the injury to plaintiff's interest should be specially averred.

A plaintiff who brings an action for slander, by which he lost his customers in trade, ought in his declaration to state the names of those customers, in order that the defendant may be enabled to meet the charge if it be false. The general allegation of the loss of customers is not sufficient to enable the plaintiff to show a particular injury.

*Trial Term, February,* 1881.

The plaintiff complains of the defendant as follows:

1. The plaintiff is and for many years past he has, as a member of a business firm, been engaged in the business of refining sugar in and near the city of New York.

2. On the evening of January 6, 1879, the defendant procured to be held at Chickering Hall, in the city of New York, a public meeting of a large number of persons engaged in the sugar business — purchasers of sugars, importers of sugar, refiners of sugar and others dealing therein.

3. At such public meeting the defendant, in an address then and there made by him, and in the presence and hearing of those who were there assembled, and with the intent to cause it to be believed that the charges were true, willfully and maliciously made against the plaintiff the false, injurious and defamatory statement that, and in the words " Mr. Havemeyer adulterated sugar " (meaning that sugars refined by the firm of which the plaintiff is a member, were adulterated by the plaintiff in the process of refining); that " Mr. Havemeyer cheated the government " (meaning that in the matter of paying duties upon imported sugars and of selling sugars for export, in which case there is a right to drawbacks from the government of the

United States, the plaintiff was guilty of cheating and of the crime of violating the laws of the United States in such case made and provided), and that "Mr. Havemeyer, being guilty of cheating the government, swore that he did not do so" (meaning that the plaintiff was guilty of perjury in the testimony given by him before a committee of the house of representatives of the United States in the city of New York, in the month of September, 1878)..

4. The charges thus made. by the defendant against the plaintiff were false and defamatory, and were willfully and maliciously made with intent to injure and damage the plaintiff.

5. The defendant well knew and intended that the false and defamatory charges thus made by him would be published in the public newspapers; the same were so published and have been and will be widely circulated among those with whom the plaintiff and his firm have been in the habit of doing business.

6. By reason of the premises the plaintiff has sustained and will sustain serious loss in his business through the indisposition of purchasers to buy sugars as to which the charge is made that they are adulterated, and in consequence he will lose profits which otherwise would be realized to him, and he has been otherwise injured in his business and reputation to his damage $100,000.

Wherefore, &c.

*Horace Secor, Jr.*, for defendants. The complaint should be dismissed. 1. The alleged charges do not constitute slander *per se*, and there is no allegation of special damage. Plaintiff attempts by innuendo to enlarge the meaning of the charges. This he cannot do (*Townsend, Slander*, [3d ed.], secs. 335 and 336; *id., p.* 581, *n.* 4; 582, *n.* 2, sec. 337). The third charge that plaintiff, being guilty of cheating the government, swore that he did not do so. This is not *per se* actionable (*Id., sec.* 171, *and cases cited; Vaughn* agt. *Havens*, 8

Havemeyer agt. Fuller.

*Johns.*, 109). The second charge, that plaintiff cheated the government. This is not *per se* actionable (*Chase* agt. *Whitbeck*, 3 *Hill*, 140). The first charge, that plaintiff adulterated sugar. For aught it appears the charge may have been that plaintiff adulterated sugar for his own use or for amusement. There is no colloquium that the words were uttered in an address in reference to or concerning the refining and sale of sugar by the plaintiff. This is fatal (*Towns. sec.* 323; *Van Vechten* agt. *Hopkins*, 5 *Johns.*, 220). This motion does not admit the innuendoes (*Towns.*, *sec.* 362). Section 535 of the Code does not help the complaint (*Towns.*, *sec.* 310 ; *Wallace* agt. *Bennett*, 1 *Abb. N. C.*, 478). There is no allegation of special damage (*Linden* agt. *Graham*, 1 *Duer*, 670; *Hallock* agt. *Miller*, 2 *Barb.*, 630; *Tobias* agt. *Harland*, 4 *Wend.*, 537; *Stiebling* agt. *Lockhaws*, 21 *Hun*, 457). 2. There is no allegation of want of probable cause for the alleged charges. As appears from the face of the complaint, the occasion on which these alleged charges were made makes out a conditionally privileged communication (*Klinck* agt. *Colby*, 46 *N. Y.*, 433; *White* agt. *Nicholls*, 3 *How.* [ *U. S.*], 266), and in order to obviate the claim of privilege, malice in fact and want of probable cause must be alleged (*Id.* ; *Cook* agt. *Hill*, 3 *Sandf.*, 341; *Viele* agt. *Gray*, 10 *Abb.*, 1 ; *Towns.*, *sec.* 426).

FREEDMAN, *J.*—The assurance given by the learned counsel for the plaintiff, and made after consultation with his client, that my decision on the motion to dismiss, no matter what it might be, would not be excepted to, has had an embarrassing effect on me. It involved as high a compliment as can be paid to the acumen and conscientiousness of a judge, and as such I shall always remember it. But at the same time I felt that it imposed upon me the correlative duty of exercising more than ordinary care in coming to a conclusion. I felt that on waiving his right of appeal the plaintiff had the right to expect a decision which should be well considered and in accord with the weight of the authorities. I consequently

made a careful examination of the questions involved since the adjournment of the court on Friday last, and the conclusions at which I arrived are as follows :

.The complaint ·is founded upon the alleged false and malicious statement that he, plaintiff, adultered sugar ; that he cheated the government, and that being guilty of cheating the government, he swore that he did not do so. These three charges are neither singly nor collectively actionable *per se*, but may become actionable by reason of surrounding circumstances, to be pleaded and proved, from which the fair inference can be drawn that the words used were spoken and understood in such a way as to presumptively work an injury. Where these surrounding circumstances are not set forth, the meaning of the words cannot be enlarged by pleading an innuendo, for the office of an innuendo is by a reference to preceding matter to fix more precisely the meaning. It may help to explain, but it cannot enlarge the meaning of words unless it be connected with some matter of fact expressly averred. It cannot be used to establish a new charge, for it is not the nature of an innuendo to beget an action.

Under the circumstances of this case, the plaintiff, in order to make the innuendoes pleaded available, should have shown in the first place that the words complained of were spoken of and concerning him in his business relation as a sugar refiner ; but the complaint contains no such averment, though the fact is alleged that the plaintiff is, and for many years past he has, as a member of a business firm, been engaged in the business of refining sugar in and near the city of New York. As an innuendo cannot perform the office of a colloquium, showing by extrinsic matter that the words charged are actionable cannot be supplied by an innuendo attributing to those words a meaning which renders them actionable. The complaint is defective in this respect, unless the want of a direct averment has been supplied by other allegations from which it appears with sufficient certainty that the speaking of the words was in fact of and concerning the plaintiff in his

business relation as a sugar refiner. I do not deem it necessary, however, to pursue inquiry in that direction, because there is another and more important point which is decisive. I refer to the insufficient allegation of damage. The complaint avers that by reason of the premises the plaintiff has sustained and will sustain serious loss in his business, through the indisposition of purchasers to buy sugars as to which the charge is made that they are adulterated, and in consequence he will lose profits which otherwise would be realized to him; and he has been otherwise injured in his business and reputation to his damage $100,000.

At the same time the complaint on its face shows that the only manner in which the plaintiff is engaged in business is as a member of a business firm. The name of that firm is not given, nor the interest of the plaintiff therein For all that appears, plaintiff's name may not appear in that firm name. It sufficiently appears, however, that the loss complained of is not a loss directly to the plaintiff, but to the firm. Even if it be conceded, therefore, as a general proposition, that in case of slander against a member of a partnership individually, he is the proper party plaintiff, even though the firm be also injured by the speaking of the words, it is nevertheless necessary, especially where the words become actionable only by reason of their influence in plaintiff's calling, that the injury to plaintiff's interest should be specially averred. This has not been done, and no facts or circumstances are even pleaded from which the deduction can be made that the damage alleged is the natural and probable effect of the words spoken upon the business of the firm. As already said, it is not shown that plaintiff's name appears in that of his firm, or that his connection with it is of such a character that it suggests itself to the minds of the customers of the firm by a mere mention of the name, so the adulterations charged cannot, in the absence of all explanatory circumstances, be presumed to have injuriously affected the business of the firm. It may be that in refining sugar purifying agents

are necessarily or usually employed, and their admixture may, in a certain sense, be deemed an adulteration of the sugar. Facts, therefore, should have been •pleaded from which it might be seen that the natural and probable effect of a bare charge of aduleration, which does not disclose the manner, extent, object or purpose of the adulteration, is to injuriously affect the business of a sugar refiner.

In any aspect 'that can be taken of the complaint in this action the' plaintiff's right to recover depends upon the question whether he sustained special damage. This being so, the rule applies that where the special damage is the foundation of the cause of action it is a material allegation and must be fully and accurately stated ( *Vanderslice* agt. *Newton*, 4 *Comst.*, 133; *Solms* agt. *Lias*, 16 *Abb.*, 311) or the plaintiff cannot prove it on the trial (*Law* agt. *Arther*, 2 *Kern*, 282 ; *Squire* agt. *Gould*, 14 *Wend.*, 159). Thus, in *Hallock* agt. *Miller* (2 *Barb.*, 630), it was decided by the Albany general term (HARRIS, PAIGE *and* PARKER, *JJ.*) that in all actions for slander by which the plaintiff lost his customers in trade, the plaintiff cannot prove that any persons not named in the declaration left off dealing with him in consequence of the words spoken (*In re Hartley* agt. *Herring*, 3 *Term Rep.*, 133).

Lord KENYON says that a plaintiff who brings an action for slander by which he lost his customers in trade ought, in his declaration, to state the names of those customers, in order that the defendant may be enabled to meet the charge if it be false.

In *Tobias* agt. *Harland* (4 *Wend.*, 537), which was an action to recover damages for slanderous words spoken of articles manufactured by the plaintiff, whereby divers persons refused to purchase them, MARCY, J. held : " Special damages are not so alleged in the declaration, that proof of them could be received on the trial. The general allegation of the loss of customers 'is not sufficient to enable the plaintiff to show a particular injury. If the plaintiff in this suit can recover at all, it must be because the words are actionable in themselves."

And in *Linden* agt. *Graham* this court held at general term

Havemeyer agt. Fuller.

(*February*, 1853, OAKLEY, *Ch. J.*, CAMPELL *and* Bosw., *JJ.*), that in action for slander of title, whereby the plaintiff was prevented from obtaining a loan on the mortgage of the property or from selling it, it is essential to stating a cause of action to name the person or persons who refused for that cause to loan or purchase, and that if not named it is demurrable on the ground that no cause of action is stated. In this conclusion the judge who made the order appealed from concurred (*See, also, Kendall* agt. *Hone*, 1 *Seld.*, 14; *Shipman* agt. *Burrowes*, 1 *Hall*, 399; *Terwilliger* agt. *Wands*, 17 *N. Y.*, 54; *The Knickerbocker Life Ins. Co.* agt. *Ecclesine*, 34 *N. Y.*, *Superior Ct.* [2 *J. & Sp.*], 76). According to these authorities the statement of damage contained in the complaint is not a sufficient statement of special damage, and consequently the complaint must be dismissed.

This result, arising purely from the pleadings in the case, may be a disappointment to the plaintiff, especially as it carries costs against him, because he was driven into the commencement of this action by a desire to vindicate himself and the large interests he represents against the charges made by the refusal of the defendant to retract them when called upon. But he may console himself somewhat by considering that the testimony so far given upon this partial trial has substantially vindicated him. The defendant, when called as a witness on behalf of the plaintiff, distinctly admitted that he had no personal knowledge of the charges made; that they were made in the heat of a debate upon the question of revision of the tariff; and that in the main they were directed more against the sugar refiners, as a class, than against the plaintiff in particular; and that even as to them, as a class, he had no other information except what certain government reports furnished and certain officials had remarked.

Under these circumstances, and especially as I am of the opinion that the defendant could have avoided the institution of the action by a retraction, no motion for an allowance will be entertained.