McAdam, C. J.
A defendant may be arrested in a civil ■action here for fraudulent representations made in the purchase of property in a foreign state or country, even in a case where the .defendant could not have been arrested for such acts in that state or country; and the converse of this last proposition is true; that if a fraudulent debtor flees to and is prosecuted in a state where the right to arrest for the wrong in a civil action does not exist, the fact that he might have been arrested civilly in the forum where the fraud was committed does not confer upon the courts of the state into which he flies, the remedies furnished by the laws of a foreign state or country in which the wrong was consummated. Each state may in civil actions punish frauds in its own way. The lex loci may determine the binding force of contracts made in foreign states or countries, but the remedies for their enforcement, and the punishment of fraud by civil action, are governed by the lex fori. Fraudulent debtors are not favored by the courts, and there is no logical or legal reason why a person who commits a fraud in a neighboring state and seeks refuge here should have any special immunity because- he did his cheating there instead of here. A man who will cheat his neighbors in one state will not miss his opportunity of repeating the offense simply because located in another.
*284 The courts of this state have jurisdiction of an action for fraud committed in another state (City Bank v. Lumley, 28 How. Pr., 397), whether the property or its proceeds are brought within this state or not, and when jurisdiction once attaches over the subject matter and parties, the procedure is the same whether the fraud was perpetrated here or elsewhere. See Johnson v. Whitman, (10 Abb. Pr., N. S., 111); Brown v. Ashbourgh, (40 How. Pr., 226); De Witt v. Buchanan, (54 Barb., 31). Fraudulent debtors from abroad will find no asylum here. They come subject to the right of creditors under our laws, and' will, in civil proceedings •to redress wrongs, be treated in the same manner as resident frauds when the machinery of law is put in motion against them. With the criminal aspect of the case we have nothing to do. Crimes are punished criminally in the forum where the offense is committed, because crime is an offense against the people of the state whose laws have been violated. This is a civil proceeding brought by the injured party against the wrongdoer. The action is transitory in its nature, and may be brought in any forum in which the guilty party may be found. The motion to dismiss the complaint was properly denied. -The evidence sustains the verdict which the jury rendered in favor of the plaintiffs, and the motion for a new trial must be denied.