## KRAFT v. RICE.

(Supreme Court, Appellate Division, First Department.   December 8, 1899.)

1. BREACH OF CONTRACT—DAMAGES—PLEADING.

    A complaint setting forth a contract and its breach may state a good cause of action, though the theory of damages predicated thereon may be erroneous.

2. SAME—DEMAND.

    A complaint alleging pledge of liquor to secure a note, payment of the note, and neglect and refusal to return the liquor, does not state a breach of contract, without alleging demand for return.

3. SAME—SPECIAL DAMAGES.

    A complaint seeking to recover $500, claimed to have been expended to secure return of liquor, which defendant refused to make after payment of the note for which it was pledged, alleges special damages, and, in the absence of facts showing how the same arose, is insufficient.

Appeal from special term, New York county.

Action by Benjamin F. Kraft against Samuel M. Rice.   From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals.   Reversed.

The complaint demurred to reads as follows: "The plaintiff above named, by Lewis M. Scheuer, his attorney, complaining of the defendant herein, respectfully shows to this court, and alleges upon information and belief:   First. That on or about the 17th day of January, 1891, one Norman Y. Brintnall, at the special instance and request of the defendant herein, loaned to the defendant twenty-five barrels of spring '88, small-grain, rye whisky, the property of the said Brintnall; the defendant promising that he would return the said whisky to him, the said Brintnall, when a certain note, dated January 16, 1891, in the sum of $2,550, made by said Brintnall to the order of the defendant, at four months' time, was paid.   Second. Thereafter, and before the commencement of this action, the said note herein above mentioned was duly paid, but the defendant wholly neglected and refused to return to the said Brintnall the said twenty-five barrels of whisky; and the said Brintnall on or about the 26th day of August, 1891, was compelled to, and he did, expend the sum of $500 to secure to himself the return of the said whisky.   Third. That neither the sum of $500, nor any part thereof, has been paid by the defendant, although payment thereof was duly demanded, but has been refused.   Fourth. That on or about the 22d day of September, 1898, the said Brintnall, by an instrument in writing, duly assigned and transferred all his right, title, and interest in the said $500 to one Benjamin F. Kraft, the plaintiff herein.   Wherefore the plaintiff demands judgment for the sum of $500, with interest from the 26th day of August, 1891, together with the costs and disbursements of this action."   The ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Edward A. Alexander, for appellant.
Albert W. Venino, for respondent.

O'BRIEN, J.   We agree with the court below in the statement of the rule relating to the sufficiency of a pleading on contract, that, if it clearly sets forth a contract and its breach, even though the theory of damages predicated thereon may be erroneous, it would be a statement of a good cause of action.   The difficulty, however, with this complaint, is that there is no allegation of a breach.   The whisky, having been pledged to the defendant, was rightfully in

his possession, and was there to remain until a certain note was paid. Though the payment of the note is alleged, there is no allegation of a demand for the return of the whisky, which would be necessary to show a breach. If, in addition to the contract, a breach was alleged, then the plaintiff would be entitled to at least nominal damages, and the complaint would not be demurrable. The complaint, however, was not framed on that theory, but what is sought is the recovery of $500 paid out to secure a return of the whisky. What is therefore sought is special damages. If we construe the pleading as one for special damages, which was undoubtedly the theory in the pleader's mind, then the complaint is clearly insufficient. As stated, what is here sought to be recovered is $500, claimed to have been expended by the plaintiff "to secure to himself the return of the said whisky." This is an allegation of special damage, which, in the absence of any facts showing how such special damage arose, is insufficient. The rule on this subject is stated in 1 Rum. Prac. p. 325, as follows:

"Where special damages are sought to be recovered, they must be fully and accurately stated. Havemeyer v. Fuller, 60 How. Prac. 316. Facts must be set forth in the complaint from which the court can see that the plaintiff has sustained damage. A mere conclusion asserting damage is not sufficient. Thompson v. Gould, 16 Abb. Prac. (N. S.) 424."

Apart, therefore, from the question of whether there is sufficient allegation to justify nominal damages, it is apparent that such were not sought in this action, but, on the contrary, that the plaintiff had assigned to him, not the cause of action for breach of the contract, but a cause of action for the special damages which Brintnall suffered by being obliged to pay to some one—for some purpose or for some reason undisclosed—$500 for the return of the whisky.

We think the demurrer was good, and that the judgment should be reversed, with costs, and the demurrer sustained, with costs, but with leave to the plaintiff, upon payment of costs, to serve an amended complaint. All concur.

BARRETT, J. (concurring). I do not think that the plaintiff here would have been entitled to nominal damages, even though he had distinctly averred a breach of the alleged contract. He is the assignee of but a particular demand, namely, his assignor's alleged right, title, and interest in the sum of $500, which the latter was compelled, in some undisclosed way, to pay to secure the return of the whisky. He is the assignee of no other demand. Consequently no cause of action for damages, nominal, ordinary, or special, resulting from a breach of the contract, is vested in him. The right to the $500, if there be any such right, cannot flow, even as special damages, from the nonfulfillment of the promise averred. If anything, it is an independent demand, in the nature of a special action on the case, growing out of insufficiently disclosed facts. The damages for the breach of the agreement to return the whisky upon the payment of the note would be the cost of replacing it in the market. Upon the other hand, if the refusal to then return it

amounted in effect to a conversion, the damages would be its value at the time of conversion. In neither aspect of the case would the sum paid to secure its return have been the measure of damages. If in some other aspect that sum might have been recovered, the facts constituting the special case on that head would have been averred. It follows that, however the facts as pleaded be viewed, the plaintiff by his assignment took nothing relating to the damages appropriate either in an action for a breach of contract or for conversion. For these reasons, I agree that the demurrer was well taken.