## WINCHESTER *v.* BROWNE.

*(Supreme Court, General Term, First Department.* March 13, 1891.)

JURISDICTION—SUITS BETWEEN NON-RESIDENTS.

On a motion to dismiss an action on the ground that the parties were both non-residents of the state, and that the cause of action was a tort arising out of the state, it appeared that plaintiff had been an inhabitant of the state for a period of eight years; that the action was brought after he became such, and had been litigated without objection on the ground of jurisdiction; and that a trial could speedily be obtained. *Held,* that it was a proper exercise of discretion to retain jurisdiction.

Appeal from special term, New York county.

Action by George C. Winchester against T. Quincy Browne. Defendant appeals from an order denying his motion to dismiss the action on the ground that the court should no longer entertain jurisdiction thereof. For former reports, see 7 N. Y. Supp. 550; 11 N. Y. Supp. 614.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Abbett & Fuller,* (*Leon Abbett* and *Henry Schmitt,* of counsel,) for appellant. *A. Walker Otis,* for respondent.

PER CURIAM. The plaintiff has been present as an inhabitant of this state for the period of eight years, and after he became such commenced this action against the defendant upon a cause of action arising in the state of Massachusetts. It has been litigated for the intervening period upon the assumption that the court would entertain jurisdiction of it, and it has now reached a point where a trial can speedily be obtained. It should be borne in mind that this is an action in tort, both parties being non-residents, the cause of action arising out of the state; and the refusal of the court to entertain juris-

diction does not depend upon the motion of· the parties necessarily. The court may refuse upon its own motion to entertain jurisdiction in such an action. Whether the court would or would not retain jurisdiction in this action was a matter of discretion, and under the circumstances the discretion was fairly and reasonably exercised in the denial of the defendant's motion. The order should be affirmed, with $10 costs and disbursements to abide the event. All concur.