Colorado State Bank, Appellant, *v.* Patrick H. Gallagher, Respondent.

*Jurisdiction of actions between non-residents.*

Section 1780 of the Code of Civil Procedure specifies the only cases in which an action against a foreign corporation may be maintained by a non-resident in the courts of this State.

Every rule of comity and of natural justice is satisfied by giving redress in our courts to non-resident litigants when the cause of action arose or the subject-matter of the litigation is situated within this State.

Where our courts have jurisdiction in a given case of an action affecting a non-resident, they may, from motives of policy, refuse to exercise it.

Appeal by the plaintiff, Colorado State Bank, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 5th day of January, 1894, overruling the plaintiff's demurrer and dismissing the complaint, with notice of an intention to bring up for review on such appeal the order entered

in said clerk's office on the 3d day of January, 1894, overruling the plaintiff's demurrer and dismissing the complaint.

*George W. Van Slyck*, for the appellant.

*L. R. Beckley*, for the respondent.

O'BRIEN, J.:

This action was brought on a promissory note, and by the answer it is alleged that the plaintiff is a foreign corporation, that the defendant is a non-resident, and that the note sued upon was made at Durango in the State of Colorado. The answer then alleges that, by reason of these facts, the court was without jurisdiction of the subject-matter or of the person of the defendant. To this answer the plaintiff demurred on the ground that it was insufficient, and this demurrer was overruled, and from the order and interlocutory judgment overruling the demurrer this appeal is taken.

Section 1780 of the Code of Civil Procedure provides that an action against a foreign corporation may be maintained by a non-resident only in the cases therein mentioned. *Robinson* v. *Oceanic Steam Navigation Co.* (112 N. Y. 315), which was an action against a foreign corporation, involved the application of section 1780. In the course of the opinion in that case it was said: "Our courts should not be vexed with litigations between non-resident parties over causes of action which arose outside of our territorial limits. Every rule of comity and of natural justice and of convenience is satisfied by giving redress in our courts to non-resident litigants when the cause of action arose or the subject-matter of the litigation is situated within this State." With respect to the specific questions therein presented, of jurisdiction over a foreign corporation, it was decided that it was controlled by section 1780. And the quotation above given from the opinion, apart from any provisions of law, is expressive of the policy of our courts in relation to actions in which non-residents are parties and which are not otherwise controlled by the Code.

It will thus be seen that in relying upon the case of *Robinson* v. *Oceanic Steam Navigation Co.*, as authority for the proposition that the court was without jurisdiction, the learned judge below fell into error. It is true that in cases coming within section 1780 of the

Code, the court is without jurisdiction, but with respect to actions other than those therein specified affecting non-residents, the court, though having jurisdiction, may, in a given case, from motives of policy, refuse to exercise it. This distinction between the jurisdiction of the court and the discretion vested in it is clearly pointed out in the two cases of *Winchester* v. *Browne* (37 N. Y. St. Repr. 542) and *Burdick* v. *Freeman* (120 N. Y. 420).

In the case at bar, as the court had jurisdiction if it saw fit to exercise it, the answer was insufficient in law and was obnoxious to demurrer.

Our conclusion, therefore, is that the judgment should be reversed and that the defendant should be permitted to answer over, upon payment of costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment reversed and the defendant permitted to answer over, upon payment of costs.