## SUPREME COURT.

### LATOURETTE agt. CLARK.

An action of *tort*, brought by the citizen of one foreign state against the citizen of another foreign state, for alleged injuries committed in one or both of those states, cannot be maintained in the courts of this state. Our courts have no jurisdiction of such an action.

*New York General Term, January*, 1866.
*Before* BARNARD, *P. J.*, CLERKE *and* INGRAHAM, *Justices.*

By the court, CLERKE, J.   This is an action brought by the plaintiff, a citizen of Missouri, against the defendant, a citizen of Connecticut, for combining and conspiring with other citizens of the latter .state to defraud him by false representations. The defendant was one of several direc-

tors of an insurance company doing business in Hartford, Connecticut, under a charter from that state, entitled The Protection Insurance Company, having agencies at various places throughout the United States, especially at St. Louis, Missouri. The plaintiff alleges, that relying on the representations of the defendant and other directors of the company, that it was in a sound condition, and possessed of a large capital, wholly unimpaired, of not less than $200,000, he insured in said company certain property at St. Louis, October 18, 1853 ; that the same was injured by fire November 11, 1853 ; that he has performed all the conditions of the policy; that the company failed September 7, 1854, and has ever since continued insolvent, and has never paid plaintiff's loss, and that he has thereby suffered damage in the sum of $4,149.10. This, then, is clearly an action of tort, brought by the citizen of one foreign state against the citizen of another foreign state, for alleged injuries committed in one or both of those states. Shall we entertain jurisdiction of actions originating under such circumstances, and between such parties ? In other words, shall we sustain the judiciary establishments of our state for the purpose of compromising the disputes and redressing the wrongs of litigants who owe no allegiance or duty to it.

This question, or rather questions nearly similar to it, have been presented in a few previous instances to our courts. There are, undoubtedly, several reported cases where they have entertained such a jurisdiction ; but the first of which I have any knowledge, in which the question was directly presented and passed upon, is *Gardner* agt. *Johnson* (14 *J. R.* 134). There it was indeed asserted by the justice who delivered the opinion in that case, that this court may take cognizance of a *tort* committed on the high seas, on board of a foreign vessel, both parties being citizens of the country to which the vessel belongs, but that it should rest in the sound discretion of the court to

afford jurisdiction or not, according to the circumstances of the case ; and as it did not appear that the plaintiff in error, who was master, and the defendant, who was a seaman of the vessel, did not intend to return to their own country, it was held that the defendant in error ought to have been left to seek redress in the courts of his own country on his return, and the judgment below was reversed. In *Johnson* agt. *Dalton* (1 *Cow.* 543), the same principles are asserted, stating that the courts should decline interference in ordinary cases, but as the defendant in error, on whom the assault had been committed, had been legally discharged from the vessel in this country, the court upheld the jurisdiction.   In *Smith* agt. *Ball* (17 *Wend.* 323), which has been frequently quoted in relation to this subject, it was only decided that an action for an injury to the person, committed beyond the territorial limits of this state is transitory, and may be brought in any court of common pleas in this state, but it did not appear that either party was a resident of another state, but on the contrary, it may be very safely inferred that both parties were residents of this state, who crossed the Susquehanna together from Tioga county in this state, to Tioga county in Pennsylvania, where the one made an assault upon the other. Of course this decision can have no application to the question under consideration.   *Malony* agt. *Dows* (8 *Abb. Pr.* 318), decided in the New York common pleas, at a trial term before Judge DALY, is much more analogous. There it was expressly decided that the courts of one state have no jurisdiction between citizens of another state for damages for personal *torts*, committed within the jurisdiction of another state.   I have not been able to ascertain from the report in that case, whether the plaintiff had become a citizen of this state before he commenced his action.   If he had, it would have been a stronger case than that before us, and would have gone further than I should be inclined to go.   If a citizen of one state should

suffer a wrong from a citizen of another state, in that or any other foreign state, I am inclined to think that the courts of his own state ought to afford him redress, if the defendant could be found within its jurisdiction. But I have little hesitation in saying, that it is at least unreasonable for the citizens of one foreign state to call upon the courts of this state to interpose their authority to afford him redress against the citizens of another state, for an injury committed in one of those states—an injury partaking of the two-fold character of a private injury and a public wrong. I do not think that the tribunals of this state are constituted and supported for such a purpose. We have, unhappily, more than a sufficient number of controversies between our own citizens to examine and adjust, which demand from us prompt and careful attention; and we are not by any means willing to lend to the citizen of one foreign state, in a matter in which we have no concern, the harsh provisional remedy of an order of arrest against the citizen of another foreign state, while seeking our hospitality, and quietly and trustingly preparing to embark in a vessel in our port for a long voyage.

For these reasons the judgment should be reversed, with costs.

INGRAHAM, P. J., *dissenting*. I am not willing to concede that even in cases of personal *torts* committed in foreign countries, the supreme court has not jurisdiction of an action for damages where the parties are within the jurisdiction of the court. That jurisdiction depends upon the person, and not on the place where the acts complained of took place. Although in such cases some judges have expressed an opinion that the courts could refuse to exercise such jurisdiction, I do not understand the rule to have been extended to actions for fraud in regard to property, even if such fraud was committed in another country. That fact might have weight upon a question of bail, but ought not to on a question of jurisdiction. A party may

be without any redress if a person may commit a fraud in another state and immediately remove into this state, unless the courts could entertain an action for redress therefor.

I concur with DAVIES, J., in *Mussina* agt. *Belden* (6 *Abb. Rep. p.* 165), in the decision that the courts of this state have jurisdiction of actions for *torts* in regard to property, although they were committed out of the state, and although the parties were resident abroad, if the defendant was served with process in the state.

The judgment should be affirmed.