CHESTER A. BURDICK, Respondent, *v.* SYLVANUS A. FREEMAN, Appellant.

While, when the evidence is, as a matter of law, insufficient to authorize a finding that a fact in issue, is or is not established, it is the duty of the court to so instruct the jury; it is not ordinarily its duty to instruct them, whether the evidence is or is not sufficient to authorize them to

find that a mere relevant fact asserted by one party, but denied by the other, exists or does not exist.

In an action for criminal conversation, it appeared that plaintiff's wife left him in November, 1884, and they have since lived apart. Plaintiff sought to prove that his wife and defendant had adulterous intercourse on several occasions ; he gave evidence of frequent and intimate association, and of opportunities for adultery on many occasions. Defendant requested the court to instruct the jury that the evidence was insufficient to justify a finding that he had committed adultery with the plaintiff's wife on any of the occasions specified. The court refused, and, in effect, charged that, if any one of the occasions stood apart by itself, the instruction might be proper, but, that, in determining the issue, the jury were to consider all of the evidence and take into account all of the occasions, and, if they found defendant had seduced plaintiff's wife, and alienated her affections, he was liable. *Held,* no error.

Where a portion of a judge's charge, which embraces several propositions, some of which are unexceptionable, is excepted to generally, the exception is not available; the party making it may not select out a single sentence which was not specifically excepted to, and urge it as a ground for reversal.

When this action was commenced, the parties resided in Pennsylvania, and the wrong complained of was there committed. The action had been pending a year, and no objection was raised by defendant to the jurisdiction of the court until the close of the trial, when he requested the court to charge that the action could not be maintained in the courts of this state, which request was refused. *Held,* no error; that, while the court might, in its discretion, have refused to entertain the action, defendant was not entitled to a dismissal as matter of right.

The courts of this state may, in their discretion, entertain jurisdiction of any action for the recovery of damages for a personal injury between citizens of another state, actually domiciled therein when the action was commenced, although the injury was committed in the state of their residence and domicile.

*Molony* v. *Dows* (8 Abb. Pr. 316) ; *Latourette* v. *Clarke* (30 How. Pr. 242), so far as they hold otherwise, regarded as overruled.

Reported below, 46 Hun, 138.

(Argued April 21, 1890; decided June 3, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 31, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*Charles B. Wheeler* for appellant. It is the legal right of counsel to submit to the court propositions of law bearing upon the evidence, and the court is bound to instruct the jury upon each proposition so submitted. (*Chapman* v. *McCormick*, 86 N. Y. 479; *Zabriskie* v. *Smith*, 13 id. 322.) The court erred in refusing to charge as requested, that there was not sufficient evidence in this case to warrant the jury in finding that adultery had been committed, between the defendant and the plaintiff's wife, at the house of Mrs. John Taylor. (2 Greenl. on Ev. § 40; Bishop on Mar. & Div. § 614; *Mulock* v. *Mulock*, 1 Edw. Ch. 14; *Ferguson* v. *Ferguson*, 3 Sandf. 307; Abbott's Tr. Ev. 744; *Pollock* v. *Pollock*, 71 N. Y. 137; *Allen* v. *Allen*, 101 id. 659; *Platt* v. *Platt*, 5 Daly, 295; *Hornburger* v. *Hornburger*, 45 How. Pr. 345; *Hamerton* v. *Hamerton*, 2 Hagg. 8.) The court must not only be satisfied that a criminal attachment subsisted, but that an opportunity occurred when the intercourse might with ordinary facility have taken place. (2 Bishop on Mar. & Div. § 613; *Lovenden* v. *Lovenden*, 2 Hagg. 1; *Caton* v. *Caton*, 13 Jur. 431; *Bramwell* v. *Bramwell*, 3 Hagg. 618.) Even the adulterous mind and opportunity will not warrant the finding of adultery, provided the circumstances under which the parties meet are reasonably capable of an innocent interpretation. (*Allen* v. *Allen*, 101 N. Y. 559.) The court erred in charging that if the plaintiff maltreated his wife, and the doctor interfered, and he helped get her away from the husband, that then he was liable. (*Barnes* v. *Allen*, 1 Abb. Ct. App. Dec. 115, 116; *Bennett* v. *Smith*, 21 Barb. 443; *Schuneman* v. *Palmer*, 4 id. 226; *Coughey* v. *Smith*, 47 id. 257; *Green* v. *White*, 37 N. Y. 529; *Chapman* v. *E. R. Co.*, 55 id. 579; *Leonard* v. *Collins*, 70 id. 90–94; *People* v. *Greenfield*, 23 Hun, 472; *Canfield* v. *B. & O. R. R. Co.*, 14 J. & S. 238; *People* v. *Livingston*, 79 N. Y. 280.) The court should have dismissed this case on the ground that it was not a proper action to be disposed of by the courts of the state of New York. (*Livingston* v. *Jefferson*, 1 Brock, 206; *Mostyn* v. *Fabrigas*, 1 Smith's L. C. 485; *Maloney* v. *Dows*, 8 Abb. Pr. 316, 326; *Latourette* v.

*Clarke,* 30 How. Pr. 242; *Gardner* v. *Thomas,* 14 Johns. 135; *Jefferson* v. *Cowen,* 1 Cow. 544; *Lister* v. *Wright,* 2 Hill, 320; *De Witt* v. *Buchanan,* 54 Barb. 31.)

*Tracy C. Becker* for respondent. There was abundant evidence to go to the jury of adultery between defendant and plaintiff's wife at each of the times and places mentioned in defendant's written requests to charge. (*Hoard* v. *Pick,* 56 Barb. 209; *Winsmore* v. *Greenbank,* Wiles, 577; *Lumley* v. *Gye,* 22 L. J. [Q. B.] 478; *Shuneman* v. *Palmer,* 4 Barb. 227; *Allen* v. *Allen,* 101 N. Y. 658; *Williams* v. *Williams,* 1 Hagg. 299; *Durant* v. *Durant,* Id. 748; 2 Greenl. on Ev. §§ 40, 41; *N. Y. & B. F. Co.* v. *More,* 102 N. Y. 657.) Defendant's request to charge that plaintiff cannot maintain this action in the courts of this state was properly denied. (*Newman* v. *Goddard,* 3 Hun, 70; *Ins. Co.* v. *P. R. R. Co.,* 11 id. 182.) The court was right in refusing to charge that the plaintiff cannot maintain the action without establishing to the satisfaction of the jury that the act of adultery had been committed by the defendant with the plaintiff's wife. (*Schnell* v. *Blohn,* 40 Hun, 378; 1 Black. Comm. 139; *Jaynes* v. *Jaynes,* 39 Hun, 40; *Weedon* v. *Timbrall,* 5 T. R. 357; *Heermance* v. *James,* 47 Barb. 110; Bishop on Mar. & Div. 779; *Fishli* v. *Fishli,* 2 Lit. 337; *Moss* v. *Moss,* 2 Ired. 55; Pollock on Torts, 194, 196, 197, 198.) · The court did not err in refusing to charge as matter of law the request of defendant's counsel to charge in regard to what would justify defendant in assisting plaintiff's wife to live apart from her husband. (*Hutcheson* v. *Peck,* 5 Johns. 205; *Philip* v. *Square,* Peake, 82.

FOLLETT, Ch. J. This action (begun February 19, 1885) is for criminal conversation, and the defendant's liability depended upon the determination of a single issue of fact, namely: Did he seduce the plaintiff's wife, entice her from her home and harbor her?

In November, 1884, the wife left the plaintiff, since which

they have lived apart. The defendant denied that he induced the separation, or advised her to live apart from her husband; but admitted that some time after the separation he began to assist her to maintain herself and had continued the assistance down to the trial.

The plaintiff sought to prove that the defendant and his wife had adulterous intercourse on several occasions, and gave evidence of frequent and intimate association, and of opportunities for adultery on many occasions.

The defendant requested the court to instruct the jury that the evidence was insufficient to justify a finding that the defendant and the plaintiff's wife committed adultery on any one of seven specified occasions. The court refused so to charge, and, in effect, instructed the jury that if any one of the occasions stood apart by itself, the instruction might be proper; but that in determinining the issue they were to consider all of the evidence and take into account all of the occasions; and if they found that the defendant had seduced the plaintiff's wife and alienated her affections, he was liable.

The issue upon which the liability of the defendant depended was not whether any one of several alleged acts of adultery had been committed; and it was not error for the court to refuse to instruct the jury that this or that alleged act, taken by itself, was not established.

When the evidence is, as a matter of law, insufficient to authorize a finding that the fact in issue is or is not established, it is the duty of the court to so instruct the jury; but it is not ordinarily its duty to instruct the jury whether the evidence is or is not sufficent to authorize them to find that a mere evidentary fact asserted by one party, but denied by the other, exists or does not exist.

The plaintiff's counsel requested the court to charge that: "Although her (the wife's) affections might have been alienated in the first instance, yet, if she left the plaintiff and the defendant harbored her, maintained and enticed her contrary to the wish of the plaintiff, the plaintiff can recover."

The Court: "I did charge that almost in the same language."

Plaintiff's counsel: "I think your charge was that the affections must have been alienated by the defendant."

The Court: "I say this: That if the woman, without the intentional aid of the defendant — if this woman's affections were alienated from her husband so that she had not any affection for him, and that she was determined to and did leave her husband because she hated him or because he had abused her, then the defendant is not liable for alienating her affections, because he did not alienate them if that was so. But if her husband maltreated her and the doctor interfered and he helped get her away from the husband, then he is liable. He would not be liable — that is, the jury would not be likely to give the plaintiff as much damages in such a case if he, by his own misconduct, had almost thrust his wife away. They would not be likely to give him as much damages as they would if he was a kind and affectionate husband, and somebody came in and broke up the family."

Defendant's counsel: "That is excepted to."

The defendant urges that the rule of law applicable to the issue is not expressed by the sentence: "But if her husband maltreated her and the doctor interfered and he helped get her away from the husband, then he is liable."

The fact that a specific exception was not taken to the sentence now challenged as erroneous, is a sufficient answer to the defendant's contention. The exception was general, and related to the part of the charge first above quoted, all of which, except the sentence last quoted, was unexceptionable, and the defendant cannot, on appeal, select out a single sentence which was not excepted to on the trial, and successfully urge it as a ground for a reversal of the judgment. It is not entirely clear from the context that this sentence is printed as it was delivered, or as it was understood.

After the court had concluded its charge the defendant asked that the jury be instructed: "That the plaintiff cannot maintain this action in the courts of this state, and that this court has no jurisdiction of this case." This request was refused and the defendant excepted. This action was for the

recovery of damages for a personal injury. (Code Civ. Pro. § 3434, sub. 9.) The courts of this state may, in their discretion, entertain jurisdiction of such an action between citizens of another state, actually domiciled therein when the action was begun and tried, though the injury was committed in the state of their residence and domicile. (*Gardner* v. *Thomas,* 14 Johns. 134; *Johnson* v. *Dalton,* 1 Cow. 543; *Dewitt* v. *Buchanan,* 54 Barb. 31; *McIvor* v. *McCabe,* 26 How. Pr. 257; *Newman* v. *Goddard,* 3 Hun, 70; *Mostyn* v. *Fabrigas,* 2 Smith's L. C. [9th ed.] 916; Story on Conf. Laws, § 542; Whart. on Conf. Laws, §§ 705, 707, 743; 4 Phil. on Int. Law, 701.)

The judgments in *Molony* v. *Dows* (8. Abb. Pr. 316) and *Latourette* v. *Clark* (30 How. Pr. 242), in so far as they hold otherwise, must be regarded as overruled.

The defendant had not left Pennsylvania, the state of his residence, where plaintiff has resided, nor had he removed his property therefrom when this action was begun, and we find no sufficient reason for prosecuting it in the courts of this state. But this action had been pending for a year, and the question as to whether the court should entertain jurisdiction had not been raised by answer, by special motion or during the trial, and we think that while the Supreme Court might, in the exercise of its discretion, have refused to entertain the action, or dismissed it on its own motion, yet the defendant, not being entitled to a dismissal as a matter of right, ought not to be permitted to lie by until the close of the trial, when its probable result could be inferred, and then successfully invoke the exercise of the discretion of the court in his favor.

The judgment should be affirmed, with costs.

All concur, except BRADLEY and HAIGHT, JJ., not sitting.
Judgment affirmed.