PIETRO PIETRAROIA, as Administrator of the Estate of CAR- MARLO GALIAZZO, Deceased, Appellant, *v.* NEW JERSEY AND HUDSON RIVER RAILWAY AND FERRY COMPANY, Respondent.

Appellate Division has right to exercise its discretion in refusing to entertain jurisdiction of action. — administrator appointed by fraud or collusion, for the purpose of bringing an action for tort committed in another state, has no standing in our courts.

The powers of review of the Appellate Division comprehend the right to review an exercise of discretion by the inferior courts, and, equally, the right to exercise its own discretion, independently, when the facts or circumstances of the case are such as to justify it.

The decedent, her husband and children were residents of New Jersey. She was killed in that state by a car of defendant, which is a New Jersey corporation.    Plaintiff, a resident of this state, filed a petition in Surrogate's Court in the county of New York, setting forth, among other things, that deceased was possessed of a sum of money which was on deposit in a savings bank within this state.    Letters of administration were granted and this action was commenced.    The defendant denied the jurisdiction of the court over the subject-matter of the action.    On the trial it appeared that there was at the time of the death on deposit in a savings bank a sum of money to the credit of " Carmela Galeazza, and husband, Francisco, or either."    The husband drew out one-half of this deposit, and then gave the bank book to a surety company to indemnify it as surety upon the administrator's official bond. *Held,* that the facts warrant an inference that fraud, or collusion, was

practiced in procuring the plaintiff's appointment as administrator for the purpose of suing in this jurisdiction for damages for a tort committed in another state, and the plaintiff, although a resident of this state, is not entitled to gain a standing in our courts, hence an order was properly made by the Appellate Division, on reversing a judgment obtained by such a plaintiff, "that the court refuse to exercise jurisdiction" therein, and that the complaint be dismissed.

*Pietraroia* v. *N. J. & H. R. Ry. & Ferry Co.*, 131 App. Div. 829, affirmed.

(Argued January 25, 1910; decided February 8, 1910.)

APPEAL, by permission, from a judgment entered July 1, 1909, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial and directed a dismissal of the complaint.

This action was brought to recover damages for the death of the plaintiff's intestate, which the complaint alleges to have been caused by the negligence of the defendant's servants. The deceased was struck by a car of the defendant, while crossing one of its tracks, in the state of New Jersey, in order to catch another car. The defendant was a corporation organized under the laws of the state of New Jersey and operated an electric railway within that state. The deceased and her husband, with their children, were residents of the same state. Some time after the accident, the plaintiff, a resident of this state, filed a petition in the Surrogate's Court of the county of New York, setting forth that he was the father of the deceased; that she had left no will and that she died possessed of personal property in the city of New York, which consisted in the sum of $250, on deposit with a savings bank. Upon this petition, and on the following day, letters of administration were granted to the plaintiff and, then, on the day following their granting, this action was commenced. The defendant, by answer, denied the material averments of the complaint and alleged that the court had no jurisdiction over the subject-matter of the action. At the trial, in addition to facts relating to the occurrence of the accident, the

plaintiff gave evidence concerning the property, alleged to have been left by the deceased in the county of New York. From the evidence it appeared that, at the time of the death, there was on deposit in the savings bank the sum of $500, which was entered as a credit upon an account entitled "Carmela Galeazza and husband, Francisco, or either." On the date of plaintiff's application for letters of administration, the husband withdrew from the savings bank $250 of the moneys on deposit and, then, gave over the bank book to a surety company, to indemnify it in becoming surety for plaintiff on his bond as administrator. It was proved that the New Jersey statute authorized such an action as this and was similar in its provisions to the New York statute. The plaintiff recovered a verdict and defendant's motion under section 999 of the Code of Civil Procedure, to set aside the verdict on all the grounds therein stated, except for insufficient damages, was denied. On appeal, the Appellate Division, in the first department, reversed the judgment on the verdict and the order and, thereupon, ordered "that the court refuse to exercise jurisdiction in this action and the complaint is dismissed."

*Herbert C. Smyth, Charles C. Sanders* and *John W. Browne* for appellant. The Appellate Division erred in dismissing the complaint. (Code Civ. Pro., §§ 421–424, 432; *Pope* v. *T. H. C. & M. Co.,* 87 N. Y. 137; *Robinson* v. *O. S. N. Co.,* 112 N. Y. 315–323; *Palmer* v. *Phœnix Mut. L. I. Co.,* 84 N. Y. 63; *Leonard* v. *C. S. N. Co.,* 84 N. Y. 48; *McBride* v. *Bank,* 26 N. Y. 458; *Burdick* v. *Freeman,* 120 N. Y. 420; *Hoe* v. *N. Y., N. H. & H. R. R. Co.,* 73 App. Div. 363; *Collard* v. *Beach,* 81 App. Div. 582; *Wertheim* v. *Clergue,* 53 App. Div. 122.)

*Clarence E. Thornall* and *Wendell J. Wright* for respondent. It was within the discretion of the Supreme Court whether they entertained jurisdiction of this action or not. (*Ferguson* v. *Neilson,* 11 N. Y. Supp. 524; *Wertheim* v. *Clergue,* 53 App. Div. 124; *Collard* v. *Beach,* 81 App. Div. 582.)

Gray, J.  The Appellate Division has exercised its discretion in refusing to entertain jurisdiction of the plaintiff's action, by refusing a new trial of the action and by dismissing his complaint, and it cannot well be said that grounds were lacking for its action.  That it possessed this discretionary power is not to be doubted.  When created, its jurisdiction was to be that which was exercised by the former " Supreme Court at its general terms " and it remains a part of the Supreme Court.  (Code Civ. Proc. sec. 220.)  Its powers of review comprehend the right to review an exercise of discretion by the inferior courts and, equally, the right to exercise its own discretion, independently, when the facts, or circumstances, of the case are such as to justify it.  If, in the present case, the action had been between non-residents of this state, there could be no question as to the right of the court below to take the action it did.  In such cases, the discretion has been exercised both in entertaining, and in refusing to entertain, jurisdiction ; the exercise depending upon the special circumstances of the particular case.  (See *Collard* v. *Beach,* 81 App. Div. 582 ; *De Witt* v. *Buchanan,* 54 Barb. 31 ; *Gardner* v. *Thomas,* 14 Johns. 134.)  In *Burdick* v. *Freeman,* (120 N. Y. 420), the existence of this discretionary power was distinctly recognized.  What that case decided was that where the Supreme Court, in the exercise of its discretion, had entertained jurisdiction of an action between non-residents, for a personal injury, the defendant not being entitled to a dismissal of the action, as a matter of right, and having lain by until the close of the trial, without having theretofore raised the question of the court's jurisdiction, by answer or otherwise, and the General Term having affirmed the plaintiff's judgment, this court would not listen to his claim that the action should have been dismissed in the Supreme Court.

In the present case, the plaintiff, being a resident of the state, was entitled to bring an action, (Code Civ. Proc. sec. 1780), and, in the absence of fraud, or collusion, the jurisdiction of the Surrogate's Court to grant the letters of adminis-

tration could not be questioned collaterally. (*O'Connor* v. *Huggins*, 113 N. Y. 511; *Hoes* v. *N. Y., N. H. & H. R. R. Co.*, 173 ib. 435.) But the facts, when disclosed by the evidence, plainly, warranted the inference that fraud, or collusion, had been practiced in procuring the plaintiff's appointment as administrator for the purpose of suing in this jurisdiction. On the undisputed evidence, the plaintiff was not entitled to gain a standing in our courts. The account in the savings bank was in the name of "Carmela Galeazza and husband, Francisco, or either." Upon her death, the husband could, and should, have withdrawn the moneys, under the very terms of the deposit, which gave to him the right, at any time, during her life, or as her survivor. Instead of withdrawing the moneys and causing administration to be had in the New Jersey courts, where it properly belonged, upon every ground, he withdrew half of the principal sum and, then, gave the savings bank book to a corporation, as security for becoming surety on the administrator's bond. The very next day, the administrator commences an action in this state, whose citizens possess no interest in the subject-matter of the litigation. The whole proceeding on the part of the husband and the plaintiff was such as to justify the belief that they were engaged in a collusive effort to get the action against the defendant into our courts. The result of their practices was to give but a technical, or colorable, right to maintain the action here. If the deceased had survived the accident, she could not have maintained any action in this state for the personal injury. Thus, the case is one where the plaintiff seeks to recover damages against a New Jersey corporation, by force of the provisions of a statute of that state, for the benefit exclusively of its citizens, for a wrong committed there. The statute of New Jersey being similar to ours in the provisions giving a right of action to an administrator, in such a case, our courts might entertain the action here upon the ground of comity; but I doubt exceedingly that the plaintiff's ground is any stronger. However, it was sufficient that the Appellate Division could see into the flimsiness, or pretense,

of the proceedings to invest the plaintiff with the right to sue here. It could well hold that the court was not bound to exercise jurisdiction, although the plaintiff was a resident, where, as Mr. Justice Ingraham says, in his opinion, " those solely benefited are non-residents and where no reason exists why the liability cannot be enforced in the state where the parties reside and where the accident happened  *  *  * but resort must be had to the laws of that state (New Jersey) to determine whether or not a cause of action exists." (131 App. Div. 833.) The scheme for gaining a standing in our courts, if not as fraudulent, is quite as transparent, or collusive in its nature, as was the device in *Hoes* v. *N. Y., N. H. & H. R. R. Co.*, (*supra*), where, after death, some personal property of the deceased was brought into this state, for the purpose of founding a claim for the application for letters of administration. As a question of policy, it is intolerable that our courts should be impeded in their administration of justice, and that the people of the state should be burdened with expense, in redressing wrongs committed in another state, for the benefit, solely, of its citizens, and where the remedy is in the enforcement of its statutes.

I advise, therefore, the affirmance of the judgment appealed from.

Cullen, Ch. J., Haight, Werner, Willard Bartlett and Chase, JJ., concur; Hiscock, J., dissents.

Judgment affirmed, with costs.