### ACTION FOR TORT OF A PUBLIC OFFICER OF ANOTHER STATE.

Common Pleas Court of Hamilton County.

CHARLES B. WILSON, BERNARD PLOEGER AND JOHN ADER v. AUGUST HELMBOLD.

Decided, March, 1912.

Jurisdiction—Refused by an Ohio Court—Where the Action Was for Malicious Imprisonment by Officers of Another State.

An Ohio court of common pleas will not take jurisdiction of an action in tort, brought by a resident of the state of Kentucky against a public officer of that state, where the only reason for the Ohio court assuming jurisdiction is that the defendant was found in this state, and the similar policy prevailing in both states indicates that justice could be better administered in a suit of like character now pending between the same parties in the state of their residence and the county where the cause of action arose.

*Charles M. Leslie,* for plaintiffs.
*Healy, Ferris & McAvoy* and *Horace W. Root,* contra.

HUNT, J.

All three of the above causes are to be determined by the decision in the first case, in which a demurrer to the third, fourth and fifth defenses of the third amended answer has been filed.

The plaintiff according to his petition, on July 10, 1905, was in the discharge of his duty as a night jail guard in the jail at Newport, Campbell county, Kentucky. On that date the defendant with others, it is alleged, maliciously assaulted plaintiff and maliciously imprisoned him in another place, to his damage in the sum of $10,000.

Defendant by his third defense says that he and the plaintiff are and have been, continually, residents of Newport, Kentucky. On July 10, 1905, he was the duly elected, qualified and acting mayor of the said city, vested with the care and superintendence of said jail; that by virtue of Section 3202 of the statutes of Kentucky, he was at that time the conservator of the peace, and under Section 26 of the criminal code of Kentucky, was vested with the power of a magistrate; that Section 74 of the civil code of Kentucky provides that an action upon the cause of action set forth in the petition must be brought in the county where the injury was done, or where defendant resides.

By way of a fourth defense the defendant alleges the facts as to the residence of plaintiff and defendant, that the defendant was, at the time, mayor of Newport and that all the acts done or alleged to be done, were done or ordered to be done by defendant as mayor of said city, and by virtue and under color of his office; and further, that Section 63 of the civil code of Kentucky provides that every action against a public officer for any act done under color of office must be brought in the county where the cause of action arose.

By way of a fifth defense, it is further alleged that there is an action pending between plaintiff and defendant upon the same cause of action set forth herein, brought by plaintiff prior to the

bringing of this action, in the Circuit Court of Campbell County, Kentucky.

To the third, fourth and fifth defenses plaintiff demurs generally.

It may be conceded that an action for tort is not local but transitory, and, as a general rule, can be maintained where the wrongdoer can be found, but it must also be conceded that the question of remedy, including the question as to whether the court can or must assume jurisdiction, depends on the *lex fori*.

The court of common pleas in Ohio by Article IV, Sections 4 and 18 of the Constitution of Ohio, has such jurisdiction as "shall be fixed by law." *Slevens* v. *State*, 3 Ohio St., 453.

Section 11215, General Code (R. S., 456), provides that:

"The court of common pleas shall have original jurisdiction in all civil cases    *    *    *    subject to the regulation provided by law."

Section 13425, General Code, provides for jurisdiction in criminal cases.

Section 11271, General Code (R. S., 5022) provides that:

"Actions for the following causes must be brought in the county where the cause of action or part thereof arose.    *    *    *    Against a public officer for an act done by him by virtue of or under color of his office or for neglect of duty."

Section 11276, General Code (R. S., 5027), provides:

"An action other than one mentioned in Section 11268    *    *    *    11271, may be brought in any county    *    *    *    where such defendant is found    *    *    *."

Although the jurisdiction of the court of common pleas in Ohio by statutory provision is practically general, yet if by statute such court is not given jurisdiction expressly or by necessary implication, it has no jurisdiction; and an error in legislative judgment in abolishing or failing to provide a particular remedy, can not be judicially corrected. *Hough* v. *Manufacturing Co.*, 66 Ohio St., 427, 435.

If, therefore, the statutes fail to give the court of common pleas jurisdiction, or so limit the general jurisdiction conferred, that the plaintiff can not proceed with his action in the court of common pleas of this county, the court can not proceed.

Unless, therefore, the term "public officer" is to be limited to public officer of the state of Ohio by reason of Section 11271, Clause 2, General Code, the fourth and fifth defenses alleging that what was done was by virtue and under color of office, etc., in Campbell county, Kentucky, regardless of the residence of either plaintiff or defendant or both, would preclude the court of common pleas from proceeding, inasmuch as the cause of action or a part thereof did not arise in this county.

It may be said that such construction would preclude a resident of Ohio from commencing a suit in Ohio against either a resident or non-resident of Ohio for a tortious act done by the defendant in another state, by virtue of or under color of an office held in such state at the time of the commission of the act. That may be so, and such fact would not give the court of common pleas in Ohio jurisdiction where clearly not given or excluded by clear statutory provision.

The case of *Atkins* v. *Borstler*, 46 Mich., 552, is inapplicable inasmuch as in Michigan, the Constitution, Article VI, Section 8, conferred such jurisdiction on the court and the court was under the necessity of construing a statute apparently limiting such jurisdiction, so as to be constitutional if possible.

It may be argued that the term "public officer" in Section 11271, General Code, is necessarily applicable to officers of sister states by reason of Article IV, Section 1 of the Constitution of the United States, requiring that, "Full faith and credit shall be given in each state to public acts, records, and judicial proceedings of every other state," and that when an act of such officer is in question as official or under color of office, regardless of any rule applicable to the act of an officer of a strictly foreign country, it must be given the force and effect prescribed by the law of the state creating such office, thereby necessarily recognizing his character as a public officer.

The use of the word "county" in Section 11271, General Code, apparently assumes that the acts, as to which the general jurisdiction given by Sections 11215 and 11276, General Code, to the court of common pleas, is limited, were committed in some county, and that it is not to be presumed that the Legislature of Ohio in the use of such word is recognizing any of the subdivisions of sister states, sometimes called by other names than counties, and therefore that the limitation of the general jurisdiction of the court of common pleas is applicable only where the act is committed in one of the counties in Ohio.

Without such limitation the court of common pleas, under Section 11215 and 11276, General Code, the defendant having been found and served in Hamilton county, has jurisdiction regardless of the residence of the plaintiff or defendant or both, or the place where the tort was committed.

In view, however, of these statutory provisions, the question as to whether the court has or has not jurisdiction is sufficiently doubtful to preclude the court from being compelled by mandamus to proceed until the question of jurisdiction has been finally determined in the action itself.

Notwithstanding, however, such jurisdiction, under the circumstances of the case as admitted by the demurrer to the third amended answer, is the court required to exercise it?

Both plaintiffs and defendant are and were residents of Campbell county, Kentucky, where the alleged malicious assault and false imprisonment were committed. It was by virtue of and under color of an office in such county then held by the defendant. The law to be construed in determining the scope of defendant's official acts are Kentucky laws, and presumptively, the witnesses are of the same locality. It does not appear that the defendant has any property in this state, nor that he has none in Kentucky. The policy of Kentucky like that in Ohio, as disclosed by the laws pleaded, is to require such action to be brought in the county where the cause of action arose. The plaintiff has an action now pending in such county against the defendant upon such cause of action. It must be presumed that

the courts of Kentucky under such circumstances will administer justice. Are the courts of Ohio without cause other than that the defendant by personal service has been brought into court, to encourage the transfer to Ohio from sister states of the controversies of residents of such sister state?.

The question is not a new one in other jurisdictions.

Wharton, Conflict Laws, Sections 705, 707, says:

"In Germany, England, and the United States (the latter with the partial exception of Louisiana), the courts as a general thing, make no distinction, so far as jurisdiction is concerned, between cases in which the parties are foreigners, and those in which they are subjects. * * *

"Otherwise in France. On the other hand, the principle asserted by the English and American courts * * * has been pushed too far * * * particularly in connection with divorce. * . * *

"Lately, while acknowledging the principle, there has been a growing tendency to narrow its application."

In the case of *Mostyn* v. *Fabrigas,* 1 Cowp. Cas., 161, 176, Lord Mansfield in 1774, in an extensive opinion, sustained the taking of jurisdiction by the English court of a suit by a native of the Colonial islands against the governor of such islands for false imprisonment.

In *Gardner* v. *Thomas,* 14 John (N. Y.), 134, the court refused to take jurisdiction of an action brought in New York by a British sailor against a British master for an assault committed on a British vessel on the high seass, holding, however, that the jurisdiction of the court was within the discretion of the court to be determined according to the circumstances of the case.

*Johnson* v. *Dalton,* 1 Cow. (N. Y.), 543, recognizes the same principle, but jurisdiction was entertained because the sailor had been practically discharged in the port of suit.

*Flower* v. *Allen,* 5 Cow. (N. Y.), 654, 666, 669, holds generally that Vermont officers are not liable in New York for neglect of official duty in Vermont.

*Dewitt* v. *Buchanan,* 54 Barb. (N. Y.), 31, in an action by one resident of Canada against another resident for assault com-

mitted in Canada, held that the court could entertain jurisdiction, but would do so only in exceptional cases.

*Maloney* v. *Dows,* 8 Abb. Pr. (N. Y.), 316 (discredited somewhat in *Dewitt* v. *Buchanan, supra,* by reason of Article IV, Section 22, United States Constitution). It was held that the court would not take jurisdiction of an action by one citizen of Cali fornia against another citizen of the same state, acting as a member of a vigilance committee, for assault and false imprisonment committed in California, although plaintiff had been compelled to leave California by such committee.

In *Burdick* v. *Freeman,* 120 N. Y., 420, 426, it was held that:

"The courts of this state may, in their discretion, entertain jurisdiction of any action for the recovery of damages for a personal injury between citizens of another state, actually domiciled therein when the action was commenced, although the injury was committed in the state of their residence and domicile."

The taking of jurisdiction by the lower court was upheld because the question was not raised until after the verdict.

The same principle of discretion in entertainment of jurisdiction depending upon the circumstances of the case. was affirmed in 1910 in *Pietraroia* v. *Railway,* 197 N. Y., 434. Plaintiff's intestate, a resident of New Jersey, was killed in New Jersey by the negligence of a New Jersey corporation. The plaintiff, a resident of New York, was appointed in New York as administrator of the decedent. In that case the nisi prius court had entertained jurisdiction. The appellate division, *Pietraroia* v. *Railway & Ferry Co.,* 131 App. Div., 829, 833, reviewed the facts on which the nisi prius court had exercised its discretion in so doing, and finding that the plaintiff's appointment in New York as administrator was fraudulent, reversed the judgment and dismissed the action. This was affirmed by the court of appeals, *Pietraroia* v. *Railway, supra,* citing with approval *Burdick* v. *Freeman, Dewitt* v. *Buchanan,* and *Gardner* v. *Thomas, supra,* and other cases. It is true that the question as to whether the cause of action survive in favor of the plaintiff, depended pri-

marily upon the laws of New Jersey, but the court decided the case upon the principle of discretionary exercise of jurisdiction.

Counsel for plaintiff cited Article IV, Section 2, of the Constitution of the United States in support of the taking by this court of jurisdiction in this case, but cited no authority or reason for its application.

Southerland Constitution, 572, with reference to this constitutional provision, says:

"The privileges and immunities here referred to are those which are fundamental; protection by the government and the right to acquire and possess property of every kind, and to pursue and obtain happiness and safety, subject to governmental restraints exercised for the general good."

Such constitutional provision is referred to in the case of *Dewitt* v. *Buchanan, supra,* as having some bearing on the question, but in *Robinson* v. *Navigation Co.,* 112 N. Y., 315, 323, it was subsequently held that a distinction between residents and non-residents in the matter of a remedy for tort committed without the state is not in contravention of this constitutional provision.

In none of the other cases in which the question, now to be determined, was an issue, has such provision been cited as having any application.

It follows, therefore, under the circumstances of this case, there being no reason why this court should entertain jurisdiction except that the defendant was found here, and every reason including the similar policy of both states, why justice could be better administered between the parties in the action now pending between them in the county of the state of their residence where the cause of action arose, that this court in the exercise of sound discretion should refuse to entertain jurisdiction of this action.