(173 App. Div. 538)

WAISIKOSKI v. PHILADELPHIA & READING COAL & IRON CO.

(Supreme Court, Appellate Division, Second Department. June 29, 1916.)

1. COURTS ⬳14—JURISDICTION—ACTION BETWEEN NONRESIDENT AND FOREIGN CORPORATION—"MAY BE MAINTAINED."

Under Code Civ. Proc. § 1780, providing that an action by a nonresident may be maintained in New York against a foreign corporation doing business within the state, the words "may be maintained" not being mandatory, it is within the discretion of the trial court, depending upon the special circumstances of the particular case, to entertain or refuse a tort

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

action by a nonresident against a foreign corporation doing business within the state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 39; Dec. Dig. �köm14.

For other definitions, see Words and Phrases, First and Second Series, May Be.]

2. APPEAL AND ERROR ⊙══949—REVIEW—MATTERS NOT CONSIDERED IN TRIAL COURT.

It is within the jurisdiction of the Appellate Division to consider the application of this discretion, but it will decline to do so where the Special Term has not exercised such discretionary action.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3835; Dec. Dig. ⊙══949.]

Appeal from Special Term, Richmond County.

Action by Joseph Waisikoski against the Philadelphia & Reading Coal & Iron Company. From an order dismissing the complaint, plaintiff appeals. Reversed without prejudice to a renewal of the motion.

Argued before JENKS, P. J., and THOMAS, STAPLETON, MILLS, and PUTNAM, JJ.

Horace D. Byrnes, of New York City (Frank J. Felbel, of New York City, on the brief), for appellant.

Pierre M. Brown, of New York City, for respondent.

JENKS, P. J. [1] This is a case of master and servant. The servant, a resident of Pennsylvania, sues for an injury inflicted in that state by the master, a resident of that state; and he sues here perforce of the amendment of 1913 to section 1780 of the Code of Civil Procedure that permits an action "where a foreign corporation is doing business within this state."

There is not the slightest relation between the tort and the business doing in this state; and a statute that affords jurisdiction perforce of such a condition is benign and carries comity to the extreme, beyond any substantial reason that rests in justice. Such considerations as weighed with the court in Livingston v. Jefferson, 1 Brock. 203, Fed. Cas. No. 8,411, and were considered in Brisbane v. Pennsylvania R. R. Co., 205 N. Y. 431, 98 N. E. 752, 44 L. R. A. (N. S.) 274, Ann. Cas. 1913E, 593, wherein the former case received comment, do not exist in the kind of litigation that includes the case at bar. Generally the forum of propriety—the court of Pennsylvania—would be the forum of convenience also. There is cogency in the expression of Gray, J., writing for the court in Pietraroia v. N. J. & H. R. R. & F. Co., 197 N. Y. 434, 91 N. E. 120:

"As a question of policy, it is intolerable that our courts should be impeded in their administration of justice, and that the people of the state should be burdened with expense, in redressing wrongs committed in another state, for the benefit, solely, of its citizens, and where the remedy is in the enforcement of its statutes."

It seems but just that the Legislature should not confer the absolute right to institute a litigation of this character in our courts, beyond the discretion of the court to refuse to entertain it. Aside from the

---

⊙══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

question of legislative power, I do not read the statute as thus absolute, but I think that the discretion to entertain or to refuse such an action as discussed and declared in Pietraroia's Case, supra, still exists. See, too, Zeikus v. Florida East Coast Railway Co., 144 App. Div. 91, 128 N. Y. Supp. 933. The expression of the statute that such an action "may be maintained" is not to be construed as mandatory upon the court. Talmage v. Third Nat. Bank of City of N. Y., 91 N. Y. 531–537. See, too, People ex rel. Comstock v. City of Syracuse, 59 Hun, at page 260, 12 N. Y. Supp. 890, affirmed 128 N. Y. 632, 29 N. E. 146.

But this discretion could not be exercised to exclude arbitrarily all cases which are of the character of this one at bar, for that would nullify the statute. The language of the court in Pietraroia's Case, supra, is: "The exercise depending upon the special circumstances of the particular case." See, too, Burdick v. Freeman, 120 N. Y. 420–426, 24 N. E. 949, cited in Pietraroia's Case, supra. The court may act of its own motion. Burdick v. Freeman, supra. An objection to the jurisdiction may be taken at any time (Fairclough v. Southern Pacific Co., 171 App. Div. 496, 157 N. Y. Supp. 862, citing Robinson v. Oceanic Steam Navigation Co., 112 N. Y. 315, 19 N. E. 625, 2 L. R. A. 636), but of course the court may consider properly the conditions of the litigation at the time of the objection. See Burdick v. Freeman, supra.

[2] Although we could consider the application of this discretion to the case at bar (Pietraroia's Case, supra), we think that we should not, for the reason that the Special Term did not. Its opinion shows that it granted the motion to dismiss solely upon the authority of Bagdon v. Philadelphia & Reading Coal & Iron Co., 170 App. Div. 594, 156 N. Y. Supp. 647, as that case applied the principle declared in Simon v. Southern Railway, 236 U. S. 115–130, 35 Sup. Ct. 255, 59 L. Ed. 492. But Bagdon's Case, supra, was reversed by the Court of Appeals, and the question there presented is not identical with the question here discussed. I think that the wiser procedure is to reverse this order, with $10 costs and disbursements, without prejudice to a renewal of the motion, whereby the Special Term may consider the question in the light of the discretion which is vested in it.

THOMAS, STAPLETON, and PUTNAM, JJ., concur. MILLS, J., concurs in the reversal, but not in the suggestion as to renewal of the motion at Special Term, holding that section 1780 is mandatory upon the court, or rather that the permissive feature in the "may" applies to the plaintiff, not to the court.