be carried by the defendant as a common carrier, under and in pursuance of the required standard form of straight bills of lading, from Ballston, via Troy on defendant's Hudson River division, and from New Scotland, Coxsackie and Ravena, N. Y., on defendant's West Shore division to New York city during the months of January, February, March and April, 1916. By reason of the alleged unusual and unreasonable delay in transportation, the apples were found on delivery at destination in New York city to be in a damaged condition, and after due inspection by the defendant, were sold at a loss in that market. The proceeds of the sales were deducted from the values, declared and respectively found at time and place of each shipment, in estimating and assessing plaintiff's damage.

*Sherman A. Murphy* for appellant.

*Frank H. Brown* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, McLAUGHLIN, CRANE and ELKUS, JJ.

---

JOSEPH WAISIKOSKI, Appellant, *v.* PHILADELPHIA AND READING COAL AND IRON COMPANY, Respondent.

*Waisikoski* v. *P. & R. Coal & Iron Co.*, 178 App. Div. 932, affirmed. (Argued March 3, 1920; decided March 19, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 28, 1917, affirming a judgment in favor of defendant entered upon a dismissal of the complaint as a matter of discretion by the court at Special Term. The action was brought to recover damages for personal injuries sustained by the plaintiff while employed by defendant in the state of Pennsylvania. The plaintiff resided in Pennsylvania, and the defendant was a Pennsylvania corporation doing business in the state of New York. Plaintiff contended that under subdivision 4 of section 1780 of the Code of Civil Procedure the right of a non-resident to bring an action in the courts of this state

against a foreign corporation doing business in this state is absolute and whether the court will entertain jurisdiction is not a matter of discretion.

*Leonard F. Fish* and *Joseph Levy* for appellant.

*Pierre M. Brown* for respondent.

Judgment affirmed, with costs, on opinion of JENKS, P. J., at Appellate Division upon first appeal (173 App. Div. 538).

.Concur: HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, McLAUGHLIN, CRANE and ELKUS, JJ.

---

BERTHA FRANKEL, Appellant, *v.* MAX WOLPER, Respondent.

*Frankel* v. *Wolper*, 181 App. Div. 485, affirmed.

(Argued March 3, 1920; decided March 19, 1920.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 18, 1918, unnaimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury in an action to recover for personal injuries alleged to have been sustained by plaintiff by reason of improper professional treatment by defendant, a physician and surgeon. The trial court held that the action was for malpractice and dismissed the complaint on the ground that the two-year Statute of Limitations applied and that the action had concededly not been brought within that time after performance of the services. Plaintiff contended that the action was one for breach of an express contract by defendant to treat and cure plaintiff.

*Sidney J. Loeb* and *Alfred B. Nathan* for appellant.

*Edwin A. Jones* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, McLAUGHLIN, CRANE and ELKUS, JJ.