IRVING S. REEVE, Appellant, Respondent, *v.* DELPHINE DODGE CROMWELL and Another, Respondents, Appellants, Impleaded with JAMES H. R. CROMWELL and Others, Defendants.

First Department, November 1, 1929.

*William A. Stern, II*, of counsel [*Samuel I. Vulcan* with him on the brief; *Gatter & Stern*, attorneys], for the appellant, respondent.

*Stewart W. Bowers* of counsel [*Laughlin, Gerard, Bowers & Halpin*, attorneys], for the respondents, appellants.

MERRELL, J. Plaintiff in his complaint alleges four causes of action. In the first two causes of action the plaintiff seeks to charge the defendant James H. R. Cromwell individually. In the third and fourth causes of action contained in the complaint the plaintiff seeks to hold the defendants, respondents, appellants, Delphine Dodge Cromwell and Anna Dillman, for damages alleged to have been sustained by plaintiff under a contract entered into with said last-mentioned defendants. This appeal relates only to the third and fourth causes of action contained in the amended complaint. In the third cause of action the plaintiff alleges that all of the defendants were coadventurers in a scheme to purchase and sell certain lands in the State of Florida, and that on or about August 1, 1925, and thereafter until the 23d day of September, 1925, the defendants employed plaintiff to purchase on said defendants' behalf a tract of land situate in the State of Florida, taking title thereto in his own name, and that plaintiff execute in his name purchase-money obligations represented by promissory notes for payment of the purchase price of said real property. These notes matured at different times, but all are made payable on or

before the maturing date. Plaintiff in his complaint further alleges that at the time the said defendants requested plaintiff to execute said notes for the purchase of said real property they promised and agreed, in consideration of plaintiff's executing said notes, to guarantee plaintiff against and relieve him of all liability arising from the making and delivery thereof; that plaintiff, in reliance upon said promise to relieve and indemnify him from liability thereon, made and executed the several notes for the purchase of said real property and duly performed all the conditions on his part to be performed. Plaintiff further alleges that defendants refused to pay the said notes and never paid any part thereof, although duly presented for payment. Plaintiff further alleges that actions were brought upon the said notes by the payees thereof against plaintiff and that thereupon plaintiff notified defendants of such actions and requested that they defend the same; that on January 31, 1928, judgments were duly entered against plaintiff upon said obligations, aggregating the sum of $467,341.55, representing the amount of said notes, with interest and costs. Plaintiff further alleges that he was compelled to pay and did pay the judgments aforesaid, and that no part thereof has ever been repaid to him by defendants, although duly demanded.

As a fourth cause of action against said defendants plaintiff realleges the facts set forth in the third cause of action in the complaint and further alleges that the defendants agreed to guarantee plaintiff against any loss and to indemnify and hold plaintiff harmless from any damage or loss which he might sustain by reason of the execution and delivery of said promissory notes.

At Special Term the sufficiency of plaintiff's complaint was questioned by defendants, they urging that the first two causes of action, wherein plaintiff sought to charge the defendant James H. R. Cromwell, were inconsistent with the third and fourth causes of action, and upon the further ground that the contract was instinct with obligation to tender title to the defendants as a condition precedent to plaintiff's securing a recovery herein. By the order appealed from the defendant's objection to the complaint was overruled, and, I think, properly. While the causes of action may be inconsistent, the most that can be required of plaintiff would be to elect upon which cause of action he would proceed at the trial. Under the provisions of sections 211 and 213 of the Civil Practice Act a pleading in the alternative was entirely proper and judgment might be granted against one or more of the defendants ultimately found liable. The answer of the defendant Delphine Dodge Cromwell put in issue all of the material allegations of the complaint. The answer further alleged that the alleged

agreements were special promises to answer for the debt, default or miscarriage of another person and were not to be performed within the space of one year, and that the agreements were for the purchase of real property or an interest therein and were void by reason of the provisions of the Statute of Frauds of this State and of the State of Florida; that no note or memorandum of such agreements was ever signed by defendant or her duly authorized agent.

As a second affirmative defense defendant alleges that the contract in suit was void by reason of the Statute of Frauds of the State of Florida. The third affirmative defense is not involved in this appeal.

As a fourth affirmative defense the defendants alleged that all parties are non-residents of the State of New York, and that the agreement was by way of purchase of real property in the State of Florida and was entered into in that State and that, therefore, the courts of this State will not take jurisdiction of the matters presented. The order appealed from denied the plaintiff's motion in so far as the motion asked that there be stricken from the answer such provisions thereof as related to the purchase of real property or an interest therein, and that the agreement not being in writing was, therefore, void under the Statute of Frauds. As to all other matters involved in the application of the plaintiff to strike out, the order granted plaintiff's motion.

It seems to me that the plaintiff's motion to strike out the allegations of the answer that the contract involved the purchase of real property and not being in writing was void by reason of the Statute of Frauds should have been granted. I do not think any Statute of Frauds is involved upon this appeal. The obligation sued upon in nowise involved the purchase of real property in the State of Florida or anywhere else. The obligation sued upon was the obligation of the defendants to reimburse plaintiff as their agent for moneys expended in their behalf and for obligations assumed by plaintiff at the request of defendants. The plaintiff's right to reimbursement was entirely independent of the services which he was to perform. While probably the defendants could not compel plaintiff to turn over the land which he had purchased because of the provisions of the Statute of Frauds, that question has no bearing in the matter as the action here is upon a contract entered into by defendants to reimburse plaintiff for obligations assumed by him to third parties. The early case of *Mohawk & Hudson R. R. Co.* v. *Costigan* (2 Sandf. Ch. 306) seems to me directly in point. Furthermore, the oral promise on the part of the plaintiff was fully performed by plaintiff giving the notes in suit which he

was afterwards compelled to pay. I am, therefore, of the opinion that the court should have granted the plaintiff's motion to strike out the defense that the agreement sued upon was for the purchase of real property and, therefore, void under the Statute of Frauds. As to the defense that the contract upon which the plaintiff sued was for the discharge of a debt of another and, not being in writing, void under the Statute of Frauds, I think the court properly struck out such defense. The complaint does not allege that the defendants promised plaintiff that they would become responsible for the default or miscarriage of another than the plaintiff. Upon due consideration the defendants promised to answer for plaintiff's obligation or debt to the payees of the notes. Plaintiff does not seek to charge defendants with failure to answer for a debt, default or miscarriage of other defendants. The defendants were coadventurers and the promise of one is the promise of all, and all are obligated thereon. If the plaintiff is able to establish the allegations of his complaint as to the copartnership of the defendants and that they were coadventurers, then the obligation of one becomes the obligation of all. The Statute of Frauds does not apply to promises made to the debtor himself upon sufficient consideration.

Nor is the agreement sued upon one not to be performed within one year as alleged in the defendants' answer. Under the terms of the agreement the same could be performed within one year, and under such conditions the courts have held that the contract is not void by reason of the Statute of Frauds. (*Gallagher* v. *Finch, Pruyn & Co., Inc.,* 211 App. Div. 635, 636; *Smith* v. *Conlin,* 19 Hun, 234.)

As to the defense stricken out that the parties all resided in Florida and the contract being made there the courts of this State will not assume jurisdiction, the rule seems to be otherwise. In an action *ex contractu* between non-residents the courts of this State will assume jurisdiction although both parties to the action are non-residents. (*Smith* v. *Crocker,* 14 App. Div. 245; affd., 162 N. Y. 600; *Furbush* v. *Clarkson,* 17 App. Div. 327.)

The orders, so far as appealed from by the plaintiff, should be reversed, with ten dollars costs and disbursements to the plaintiff, appellant, and the motion to strike out so much of the defense in the answers as alleges that the agreements mentioned in the complaint are for the purchase of real property or an interest therein, and that said agreements were not in writing nor was there a memorandum thereof signed by the respective defendants Delphine D. Cromwell or Anna Dillman or their agents, granted, and in all other respects affirmed, with leave to the said defendants to serve

amended answers within ten days from service of the orders to be entered hereon upon payment of said costs.

DOWLING, P. J., MARTIN, O'MALLEY and PROSKAUER, JJ., concur.

Orders, so far as appealed from, reversed, and the motion to strike out so much of the defense in answers as alleges that the agreements mentioned in the complaint are for the purchase of real property or an interest therein, and that said agreements were not in writing nor was there a memorandum thereof signed by the respective defendants Cromwell or Dillman or their agents, granted, and in all other respects affirmed, with ten dollars costs and disbursements to the plaintiff, appellant, with leave to defendants Cromwell and Dillman to serve amended answers within ten days from service of orders upon payment of said costs.