LAYS BROTHERS & BOSS, INCORPORATED, Appellant, v. AMERICAN RAILWAY EXPRESS COMPANY, INCORPORATED, Respondent.

PER CURIAM. In this complaint two breaches of a contract for transportation by defendant express company are alleged: (a) Negligent delay; (b) negligent injury in transit. As to the second, all the elements of a cause of action for damages are alleged. In respect to delays the Interstate Commerce Act (U. S. Code, tit. 49, § 20, subd. d)■and the uniform bill of lading adopted by the Interstate Commerce Commission distinguish between delays in transit and delays in loading and unloading. As to delays in transit, under the uniform bill of lading presentation of a claim is an essential condition precedent to a right to recover for damages resulting therefrom; as to delays in loading and unloading, presentation of a claim is not a prerequisite. The complaint leaves us in doubt as to the class of the delay of which plaintiff complains. The complaint should be made definite and certain in this respect. We find no other particular in which the complaint lacks definiteness or certainty. It is not necessary under our system of pleading (Civ. Prac. Act, § 241) to label causes of action as being in tort or in contract. In such a case as this liability in tort and in contract is in general the same. (Dyke v. Erie R. R. Co., 45 N. Y. 113; Finkelstein v. Barrett, 178 App. Div. 233.) Of course, different causes of action should be separately stated and numbered.■ All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Thompson, JJ. Order modified and as modified affirmed, without costs of this appeal to either party.