IRENE STRICKLER, an Infant, by LOUIS E. STERN, Her Guardian ad Litem, et al., Plaintiffs, *v.* HOWARD S. PALMER et al., as Trustees of New York, New Haven and Hartford Railroad Company, Defendants.

Supreme Court, Special Term, New York County, October 1, 1947.

*Kelly & Blinn* for plaintiffs.

*Edward R. Brumley* for defendants.

GAVAGAN, J. This is a motion to dismiss the action on the ground that it is a tort action between nonresidents of this State and that the court should therefore exercise its discretion to refuse to permit the action to be continued in the courts of this State.

The infant plaintiff sues for injuries received and the adult plaintiff seeks to recover for loss of services. According to

the allegations of the complaint, the infant boarded a train operated by defendants at Grand Central Terminal in New York City as a passenger for hire and suffered the injuries complained of when she alighted at defendants' station in Norwalk, Connecticut, as the result of the alleged negligence of defendants.

It is well settled that the courts of this State may in their discretion, in a proper case, decline to permit the maintenance in this State of a tort action between nonresidents where the tort took place outside the State. Ordinarily such an action will be dismissed in the absence of special circumstances justifying an exercise of discretion in favor of retaining jurisdiction. Where, however, the tort arose out of and as a result of business transacted by defendants in this State, a proper case would seem to be presented for retaining jurisdiction notwithstanding the fact that the cause of action, from a technical legal standpoint, arose outside the State. The importance of the fact that the cause of action resulted from the business done within this State was emphasized in the leading case of *Waisikoski* v. *Philadelphia & Reading C. & I. Co.* (173 App. Div. 538, affd. 228 N. Y. 581) where the court, in dismissing an action brought in this State, emphasized the fact that (p. 539): " There is not the slightest relation between the tort and the business [done] in this state."

Indeed, the cause of action of the infant plaintiff, arising as it does out of breach of a contract for the safe carriage of the latter, may be regarded as one in contract (*Lays Brothers & Boss, Inc.,* v. *American Ry. Express Co.,* 228 App. Div. 746; *Finkelstein* v. *Barrett,* 178 App. Div. 233; *Dyke* v. *Erie Railway Co.,* 45 N. Y. 113, 118; *Fish* v. *Delaware, Lackawanna & W. R. R. Co.,* 211 N. Y. 374, 382). In the *Lays* case (*supra*) the court said: " In such a case as this liability in tort and in contract is in general the same." In the *Fish* case (*supra*) it stated: " ' In either form of action [assumpsit or action upon the case for negligence] the liability of the defendant, and the rights of the plaintiffs, are based upon the contract.' " (Portion in brackets supplied.) It is well established that there is no discretion whatsoever to refuse to accept jurisdiction of a contract action between nonresidents (*Reeve* v. *Cromwell,* 227 App. Div. 32, 36).

The motion to dismiss is denied.