■ FREDERICK V. FIELD, Appellant, v. HENRYK A. S. JORDAN, Respondent.

The power to dismiss a suit between nonresidents "is still a discretionary one (*Bata* v. *Bata* [304 N. Y. 51, 55]). Where there are special and unusual circumstances such as are here shown without dispute and favoring acceptance of the suit, those special and unusual circumstances must be given adequate consideration." (*Taylor* v. *Interstate Motor Freight System*, 309 N. Y. 633, 636.) The action here by an individual nonresident as plaintiff against an individual nonresident as defendant contains two causes of action. The first cause of action is to recover for breach of a contract made within this State for the repurchase by the defendant from the plaintiff of certain shares of stock in a Brazilian corporation, and it appears that the contract was to be performed within the State. The second cause of action is to recover damages for alleged fraudulent misrepresentations made within the State and inducing the plaintiff therein to purchase certain stock in a Brazilian corporation. Notwithstanding that the

subject matter of the alleged misrepresentations relates to matters, activities and transactions in Brazil and elsewhere out of the State, it appears that the cause of action arose within the State. Bearing in mind the special circumstances here, including the fact that the defendant voluntarily came here in connection with the initial transaction which is the subject of the suit; that certain material witnesses are here; that the plaintiff would be subjected to a substantial disadvantage in the event he was relegated to an action in Brazil, and that the New York law is applicable to the contract between the parties; it was an improvident exercise of discretion for the court below to have determined that this court should not take jurisdiction of the action. (See further, *Koster* v. *Lumbermen's Mut. Co.*, 330 U. S. 518; *Bata* v. *Bata, supra*; *Equatorial Navigation Co.* v. *Brasileiro*, 281 App. Div. 958; *Reeve* v. *Cromwell*, 227 App. Div. 32; *Waisikoski* v. *Philadelphia & Reading Coal & Iron Co.*, 173 App. Div. 538, affd. 228 N. Y. 581; *Strickler* v. *Palmer*, 190 Misc. 688.) Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.